

IN THE UNITED STATES DISTRICT COURT ~~RECEIVED~~
MIDDLE DISTRICT OF ALABAMA
~~SOUTHERN~~ DIVISION
Northern

2006 MAY 22  A 9:33

| | |
|---|---|
| JOHN W. TISDALE, JR. an individual and WESTGATE DEVELOPMENT, INC., an Alabama Corporation, | § § § § § |
| Plaintiffs, | § § |
| v. | § § |
| STATE AUTO INSURANCE COMPANIES, a foreign corporation, STATE AUTO MUTUAL INSURANCE COMPANY, a foreign corporation, and KEVIN R. FITZSIMMONS, an individual, | § § § § § § § § |
| Defendants. | § § § |

Civil Action Case No. 2:06CV458 -B

**DEMAND FOR JURY TRIAL**

## COMPLAINT

COME NOW the Plaintiffs, John W. Tisdale, Jr. and Westgate Development, Inc., and make the following complaint against the Defendants.

1.      John W. Tisdale, Jr., is an individual resident, over the age of 21 years, and is a resident of Andalusia, Covington County, Alabama.

2.      The Plaintiff, Westgate Development, Inc., is an Alabama Corporation whose principle place of business is Andalusia, Covington County, Alabama.

3.      The Defendant, State Auto Insurance Companies, upon information and belief, is a foreign corporation, whose principle place of business is Columbus, Ohio.

4.      The Defendant, State Auto Mutual Insurance Company, upon information and belief, is a foreign corporation, whose principle place of business is Columbus, Ohio.

5.    The Defendant, Kevin R. Fitzsimmons, is an individual over the age of 21 years, who, upon information and belief, is a resident of Indianapolis, Indiana.

6.    In approximately 1999, the Plaintiff, John W. Tisdale, Jr., purchased a shopping center in Andalusia, Covington County, Alabama.

7.    The Plaintiff, John W. Tisdale, Jr. insured this shopping center with the Defendant, State Auto Insurance Companies and/or State Auto Mutual Insurance Company, for a number of years.  Upon information and belief, the policy number of the insurance policy issued was BOP 9618441.

8.    On or about the 3rd day of March 2005, Plaintiff, John W. Tisdale, Jr., transferred the ownership of the buildings which are the subject of this suit to the Plaintiff, Westgate Development, Inc.

9.    After having insured his shopping center with State Auto Insurance Companies and/or State Auto Mutual Insurance Company for a number of years, on or about the 17th day of September 2004, Hurricane Ivan struck the southern portion of the United States causing extensive damage including damage to the buildings owned by John W. Tisdale, Jr. located in Andalusia, Covington County, Alabama which was insured for such damage by State Auto Insurance Companies and/or State Auto Mutual Insurance Company.

10.    On or about September 17, 2004, the insurance policy which is the subject of this suit was in full force and effect and the Plaintiff, John W. Tisdale, Jr. had paid all premiums which were due and owing at the time of this damage to his shopping center.

11.    The Plaintiff, John W. Tisdale, Jr. promptly notified the Defendant, State Auto Insurance Companies, and/or State Auto Mutual Insurance Company by and through the O'Neal Agency, Inc., an insurance agency located in Andalusia, Alabama, of the damage

which Hurricane Ivan caused to his buildings and more specifically, to the roof of his buildings.

12.    At the time of this loss, the insured, John W. Tisdale, Jr., had replacement coverage insurance for damage to his buildings, including damage to the roof of his buildings.

13.    The Defendants failed to adequately and timely inspect the damage caused by Hurricane Ivan to the buildings which were insured and which were owned by John W. Tisdale, Jr.

14.    The Plaintiff, John W. Tisdale, Jr., properly made claim to his insurance carrier for damage caused by Hurricane Ivan and for temporary repairs and for a replacement of the damaged roofs as provided for in his insurance policy.

15.    After several inadequate attempts at resolving this claim, State Auto Insurance Companies and/or State Auto Mutual Insurance Company assigned the handling of this claim to their employee, senior claims representative, Kevin R. Fitzsimmons.

16.    Mr. Fitzsimmons failed to adequately investigate, inspect, and/or adjust the claim for which he had been assigned responsibility.

17.    The Defendants failed to follow the findings of their own inspectors, failed to take the advice of representatives of the O'Neal Agency, failed to follow the findings of several individuals which the Plaintiff, John W. Tisdale, Jr., was forced to hire because of the failure of the Defendant to adequately investigate this claim.

18.    The Defendants have delayed the settlement of this claim almost two years.

19.    The Defendants have been negligent in the handling of this claim.

20.    Defendant, Kevin R. Fitzsimmons, has been wanton in the handling of this claim.

21.     Defendants, State Auto Insurance Companies and/or State Auto Mutual Insurance Companies, have acted in bad faith by failing to properly and timely investigate this claim and to properly and timely adjust and otherwise pay the claim which has been properly submitted by the Plaintiffs in this matter.

22.     This delay has caused the Plaintiffs to incur expenses which the insureds should not have been required to incur in investigating and documenting the loss which is the subject of this suit. The Plaintiffs have been forced to incur expenses to make temporary repairs to these buildings in order to prevent further damage; the Plaintiffs have been unable to rent portions of the shopping center because of the failure of the Defendants to timely and adequately replace the damaged roof on portions of the buildings which are the subject of this suit; the Plaintiffs have lost rent and potential tenants as a result of the acts and omissions of the Defendants.

23.     After the transfer of ownership from the Plaintiff, John W. Tisdale, Jr., to Westgate Development, Inc., Plaintiffs have continued to be damaged by the delays of the Defendants and the resulting continued damage to the buildings including damage to the interior and exterior of the buildings, and damages caused by the inability of the owner of the shopping center to rent the premises due to the damage to the roofs which the Defendants have failed to correct by the replacement of portions of the roof on the shopping center which is the subject of this suit.

24.     The Plaintiff, Westgate Development, Inc., continues to be damaged by the failure of the Defendants to replace the roof on the buildings which are the subject of this suit.

## COUNT ONE –
### (BREACH OF CONTRACT)

25.    Plaintiffs incorporate paragraphs 1 through 24 above as if fully set out herein verbatim.


26.    There was a contract between the Plaintiff, John W. Tisdale, Jr. and State Auto Insurance Company and/or State Auto Mutual Insurance Company.  Under this contract, the Defendants were obligated to act in accordance with the terms of the contract.

27.    The Defendants breached this contract by failing to pay Plaintiffs pursuant to the insurance contract.

28.    The breach of contract by the Defendants proximately resulted in damage to the Plaintiffs.

WHEREFORE, the Plaintiff's demand judgment against the Defendants jointly and severally, for compensatory damages in excess of the jurisdictional requirement of this Court, as well as costs, interests, and attorneys fees.


## COUNT TWO –
### (NEGLIGENCE)

29.    Plaintiffs incorporate paragraphs 1 through 28 above as if fully set out herein verbatim.

30.    At all times relevant hereto, the Defendants owed a duty to the Plaintiffs to promptly and adequately investigate the claim of the Plaintiffs as to damage to the roof on the shopping center which is the subject of this suit.

31.    The Defendants breached this duty owed to the Plaintiffs and as a proximate result, the Plaintiffs have been damaged.

**WHEREFORE**, Plaintiffs demand damages against the Defendants, separately and severally, for compensatory damages in an amount in excess of the minimum jurisdictional limits of this Court, plus costs.

### COUNT THREE –
### (BAD FAITH)

32.    Plaintiffs incorporate paragraphs 1 through 31 above as if fully set out herein verbatim.

33.    At all times hereto, the Defendants, State Auto Insurance Companies and/or State Auto Mutual Insurance Company, owed to its insured, John W. Tisdale, Jr., the duty to act in good faith to promptly and adequately investigate his claim and to promptly pay the claim as required by the insurance policy which is the subject of this suit.

34.    These Defendants breached their duty of good faith and fair dealing with their insured, John W. Tisdale, Jr., by various acts or omissions, including but not limited to the failure to promptly and adequately investigate the claim of their insured, to ignore the various materials provided to them by their insured, John W. Tisdale, Jr., and by persons and entities acting on behalf of these insurance companies.

35.    These Defendants set forth in an obvious and contrived attempt to force the insured, John W. Tisdale, Jr., to accept a minimal amount of his claim for damage to his building when in fact, the insurance policy and the laws of the State of Alabama require these Defendants to promptly and adequately investigate claims of their insureds and to pay claims promptly and as required by the provisions of their insurance policies.

36.    It is further alleged that these Defendants encouraged their employees to attempt to coerce their insureds to accept settlements well below that which are fair and

equitable and required under the terms and conditions of their insurance policies and in fact financially reward their employees for such conduct.

**WHEREFORE**, Plaintiffs demand both compensatory and punitive damages against the Defendants, State Auto Insurance Companies and State Auto Mutual Insurance Company in an amount in excess of the minimum jurisdictional limits of this Court, plus costs.

## COUNT FOUR –
### (WANTONNESS)

37.     Plaintiffs incorporate paragraphs 1 through 36 above as if fully set out herein verbatim.

38.     The Defendant, Kevin R. Fitzsimmons, is guilty of acts and omissions which amount to more than simple negligence, and constitute wanton and/or intentional conduct that has proximately damaged the Plaintiffs.

39.     The Defendant, Kevin R. Fitzsimmons, has refused to consider all of the materials presented to him by the insured or on behalf of the insured, John W. Tisdale, Jr. This Defendant has refused to consider information provided by Defendants own agents or employees. This Defendant has set forth to intentionally underpay this claim to an extent and in a concerted effort to require the Plaintiff, John W. Tisdale, Jr., to accept money substantially below that which is required under the terms and conditions of the insurance policy which is the subject of this suit as a full and final settlement of his claim.

40.     Upon information and belief the Defendant, Kevin R. Fitzsimmons, has been in the past and continues to be financially rewarded by his employer for the intentional under payment of claims such as the claim which is the subject of this suit.

41.     The Plaintiffs claim both compensatory and punitive damage against the Defendant, Kevin R. Fitzsimmons in an amount in excess of the minimal jurisdictional requirements of this court, plus costs.

*Earl Johnson*

**Earl Johnson**   [JOH-056]

EARL V. JOHNSON
Attorney at Law
29 South Court Square
Post Office Drawer 1636
Andalusia, Alabama 36420
(344) 222-8443

*Ronald L. Davis*

**Ronald L. Davis**  [DAV-061]

*Paige M. Oldshue*

**Paige M. Oldshue**   [CAR-108]

OF COUNSEL:

ROSEN, COOK, SLEDGE, DAVIS,
   SHATTUCK & OLDSHUE, P.A.
2117 Jack Warner Parkway (35401)
Post Office Box 2727
Tuscaloosa, AL  35403
(205) 344-5000

**PLAINTIFF'S DEMAND TRIAL BY STRUCK JURY**

*Ronald L. Davis*

Ronald L. Davis

Plaintiffs:

John W. Tisdale, Jr.
119 Dunston Street #6
Andalusia, AL 36420

Westgate Development, Inc.
P.O. Box 1803
Andalusia, AL 36420

**Defendants:**

State Auto Insurance Companies
518 East Broad Street
Columbus, OH 43215

State Automobile Mutual Insurance Company
P.O. Box 182738
Columbus, OH 43216

Kevin R. Fitzsimmons
Indianapolis Regional Office
Claims Department
P.O. Box 6165
Indianapolis, IN 46206