**IN THE UNITED STATES DISTRICT COURT OF**
**MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| JOHN W. TISDALE, JR. an individual and WESTGATE DEVELOPMENT, INC., an Alabama Corporation, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action Case No. 2:06 CV 458-B |
| v. | ) ) | |
| STATE AUTO INSURANCE COMPANIES, a foreign corporation, STATE AUTO MUTUAL INSURANCE COMPANY, A foreign corporation, and KEVIN R. FITZSIMMONS, an individual | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MOTION FOR JUDGMENT ON THE PLEADINGS OR ALTERNATIVELY**
**MOTION TO DISMISS**
**DEFENDANT, KEVIN R. FITZSIMMONS**

COMES NOW, Kevin R. Fitzsimmons, an individual, named as one of the defendants in this cause and moves this Honorable Court to dismiss all allegations of the complaint against him, with prejudice, based on the following grounds:

1. Plaintiffs' Complaint sets out allegations against Kevin R. Fitzsimmons, an individual for breach of contract, negligence, bad faith and wantonness.

2. All of plaintiffs' allegations in the Complaint against Mr. Fitzsimmons are based on plaintiffs' contention that he breached a duty to both plaintiffs under a commercial insurance contract issued by State Auto Mutual Insurance Company to John W. Tisdale, Jr. by failing to promptly and adequately investigate an insurance claim.

3. The only parties to the insurance contract are John Tisdale and State Auto Mutual Insurance Company. [Policy Declarations - Exhibit A]

4. At all times material to the dispute made the basis of this case Kevin R. Fitzsimmons was an employee of State Auto Mutual Insurance Company and acting within the line and scope of his employment. [Affidavit of Kevin R. Fitzsimmons - Exhibit B]

5. No contract exists or has ever existed between Kevin R. Fitzsimmons and John W. Tisdale, Jr. or Kevin R. Fitzsimmons and Westgate Development, Inc. removing any cause of action for a breach of contract as a matter of law.

6. Plaintiffs' summons and complaint was allegedly served on defendant, Kevin Fitzsimmons by sending it certified mail to his place of employment at State Auto Mutual Insurance Company in Indianapolis, Indiana. The Certified Mail Card acknowledging receipt of the summons and complaint was signed as received by Mary Cal, not Kevin Fitzsimmons. [See Certified Mail Card designated Court Document 3] Personal service was not obtained on Kevin Fitzsimmons pursuant to Federal Rules of Civil Procedure, Rule 4 (e) (1 &2).

7. Plaintiffs' Complaint fails to state any viable claim against Kevin R. Fitzsimmons for which relief may be granted based on the allegations stated in plaintiffs' complaint against him. Federal Rules of Civil Procedure, Rule 12 b (6). As a matter of law, Mr. Fitzsimmons cannot be held liable for either breach of contract or bad faith because he is not a party to the insurance contract. [Exhibit A] Although, the allegations in Counts Two and Four of plaintiffs' complaint attempt to create a duty for Mr. Fitzsimmons to promptly and adequately adjust an insurance claim,

2

        Mr. Fitzsimmons is not a party to the insurance contract and individually has no duty to plaintiffs whatsoever. [Exhibit A]

8. Furthermore, this court has no personal jurisdiction over Kevin Fitzsimmons, an individual, who is not a resident citizen of Alabama. He does not regularly conduct any business in the State of Alabama such as to establish minimum contacts with this state. The allegations in plaintiffs' complaint against Mr. Fitzsimmons are that he failed to promptly and adequately adjust an insurance claim. However, Mr. Fitzsimmons is not a party to the insurance contract and has no duty to plaintiffs whatsoever with regard to the adjustment of an insurance claim presented to his employer, State Auto Mutual Insurance Company. The plaintiffs' allegations relate solely to Mr. Fitzsimmons' activities while doing the business of his employer within the line and scope of his employment with State Auto Mutual Insurance Company. He is therefore not subject to the jurisdiction of this court based on the allegations stated against him and his lack of minimum contacts with the State of Alabama.

9. Plaintiffs' contentions against Kevin Fitzsimmons in Count Two for negligent breach of contract and Count Four for wanton breach of contract are not recognized causes of action under Alabama law making all allegations of plaintiffs' complaint due for immediate dismissal as to individual defendant, Kevin Fitzsimmons who should be dismissed from this case as a matter of law.

This Motion for Judgment on the Pleadings or Alternatively Motion to Dismiss Kevin Fitzsimmons is further supported by:

        A.     Plaintiffs' Complaint,

        B.     State Auto Mutual Insurance Company's Insurance Policy Declarations illustrating coverage in effect on the date of loss

showing the parties to the contract are John W. Tisdale, Jr. and State Auto Mutual Insurance Company [Exhibit A];

C. Affidavit of Kevin Fitzsimmons [Exhibit B]; and,

D. Memorandum of Law [Exhibit C].

Respectfully submitted,

s/Sue Williamson__
SUE E. WILLIAMSON [ASB-2601-A41S]
Attorney for Kevin R. Fitzsimmons

Of Counsel:
KLASING & WILLIAMSON, P.C.
1601 Providence Park
Birmingham, Alabama 35242
(205) 980-4733 Telephone
(205) 980-4737  Facsimile
suewilliamson@bellsouth.net

CERTIFICATE OF SERVICE

    I hereby certify the foregoing **Motion for Judgment on the Pleadings or Alternatively Motion to Dismiss** has been served on the following counsel of record by placing a true copy in the U.S. Mail, properly addressed with sufficient postage affixed on this 19th day of June 2006:

Earl V. Johnson [JOH-056]
Attorney At Law
29 South Court Square
Post Office Drawer 1636
Andalusia, AL  36420

Ronald L. Davis [DAV-061]
Rosen, Cook, Sledge, Davis,
Shattuck & Oldshue, P.A.
2117 Jack Warner Parkway (35401)
P.O. Box 2727
Tuscaloosa, AL  35403

                                                  s/Sue Williamson
                                                  OF COUNSEL