IN THE UNITED STATES DISTRICT COURT OF
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHN W. TISDALE, JR. an individual and WESTGATE DEVELOPMENT, INC., an Alabama Corporation, | ) <br> ) <br> ) <br> ) <br> ) |
| Plaintiffs, | ) Civil Action Case No. 2:06 CV 458-B |
| | ) |
| v. | ) <br> ) |
| STATE AUTO INSURANCE COMPANIES, a foreign corporation, STATE AUTO MUTUAL INSURANCE COMPANY, A foreign corporation, and KEVIN R. FITZSIMMONS, an individual, | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| | ) |
| Defendants. | ) |

MEMORANDUM OF LAW

Plaintiffs' complaint makes four allegations against Defendant, Kevin Fitzsimmons:

Count One – Breach of Contract against defendants

Count Two-Negligence against defendants

Count Three – Bad Faith against defendants

Count Four – Wantonness

None of these Counts state a viable claim against defendant, Kevin Fitzsimmons under Alabama law as illustrated in the following Memorandum of Law which addresses each allegation of plaintiffs' complaint and the inadequate personal service of process and lack of jurisdiction also applicable in this case:

1

### Breach of Contract
### Count One

In Count One, plaintiffs allege defendant(s) had a contract of insurance with them and that by failing to pay plaintiffs pursuant to the terms of the contract, it was breached and they were damaged.

Although Kevin Fitzsimmons is not specifically identified in Count One, the allegations are stated against defendants, **jointly and severally.** Any allegation intended in Count One of plaintiffs' complaint against Kevin Fitzsimmons based on a breach of an insurance contract is clearly prohibited under Alabama law because Mr. Fitzsimmons is not a party to the insurance contract and cannot be held liable for its breach, if one occurred. [Exhibit **A**]

It should be undisputed that no contract exists or existed at any time relevant to the issues in this case between either John W. Tisdale, Jr. or Westgate Development, Inc. and Kevin Fitzsimmons. [Exhibit **A**]

Under Alabama law, to prevail on a claim for breach of contract, a plaintiff must establish (1) proof of a valid, enforceable contract, (2) terms and conditions of the contract, (3) breach of the contract, and (4) damages. Whaley v. Sony Magnetic Products, Inc. of America, 894 F. Supp. 1517 (M.D. Ala. 1995). A "breach" of a contract consists of the failure, without legal excuse, to perform any promise forming the whole or a part of the contract. McGinney v. Jackson, 575 So. 2d 1070 (Ala. 1991). A breach occurs upon a parties' failure to do a particular thing which he has agreed to do. Seybold v. Magnolia Land Co., 376 So. 2d 1083 (Ala. 1979).

Kevin Fitzsimmons not being a party to the insurance contract between Plaintiff, John W. Tisdale and Defendant, State Auto Mutual Insurance Company; can have no legal liability under the law to either plaintiff for breach of an insurance contract as alleged in Count One of the Complaint.

Bad Faith
Count Three

In *Continental Electric Co. v. American Employers Insurance Co.*, 518 So. 2d 83 (Ala. 1987), the Alabama Supreme Court summarized the requisites to sustain a prima facie case of bad faith in Alabama:

a.     **existence of an insurance contract and a breach by the insurer;**

b.     intentional refusal to pay the insured's claim;

c.     absence of a legitimate or arguable reason for refusal;

d.     the insurers actual knowledge of the absence of an arguable

      reason; and,

e.     If the intentional failure to determine the existence of the

      lawful basis is the theory relied upon, the insured must

      prove the insurer's intentional failure to determine whether

      there was a legitimate or arguable reason to pay the claim.

Although plaintiffs have included a claim for the negligent adjustment of the loss, negligence is not an element of bad faith. Instead, bad faith is the intentional failure by the **insurer** to perform a duty implied by law to act in good faith and deal fairly. *Shavers v. National Security Fire & Cas. Co.*, 405 So. 2d 18 (Ala. 1981) and also, as noted in *Kervin v. So. Guaranty Ins. Co.*, 667 So. 2d 704 (Ala. 1995).

Clearly, plaintiffs' allegations against Kevin Fitzsimmons in Count Three for bad faith fails since Mr. Fitzsimmons is not an insurance company and cannot possibly be held liable for bad faith as it is defined under Alabama law.

## Negligent and/or Wanton Claim Handling
## Counts Two and Four

In Count Two and Count Four plaintiffs content Kevin Fitzsimmons negligently and/or wantonly failed to meet his duty to promptly and adequately investigate plaintiffs' insurance claim.

First, Alabama Law does not recognize a cause of action based on the negligent and/or wanton claim handling. Kervin v. Southern Guaranty Insurance Company 667 So.2d. 704 (Ala. 1995)   In Kervin, our Supreme Court wrote:   "This Court has consistently refused to recognize a cause of action for the negligent handling of insurance claims, and it will not recognize a cause of action for alleged wanton handling of insurance claims". See Pate v. Rollison Logging Equipment Inc., 628 So.2d 337 (Ala.1993); Armstrong v. Life Insurance Co. of Virginia,454 So.2d 1377, 1380 (Ala. 1984), overruled on other grounds, Hickox v.Stover, 551 So.2d 259, 264 (Ala. 1989); Chavers v. National Security Fire & Casualty Co., 405 So.2d 1 (Ala. 1981); Calvert Fire Ins. Co. v. Green, 278 Ala. 673, 180 So.2d 269 (1965).

Secondly, Kevin Fitzsimmons is not a party to the insurance contract and has no duty imposed by the insurance contract to promptly and/or adequately investigate plaintiffs' insurance claim as alleged in the complaint.

Our Alabama Supreme Court held in Ligon v. O.M. Hughes Ins.,Inc., 551 So.2d 283 (Ala. 1989), "[t]he tort of `bad faith' is not a cognizable cause of action in Alabama, except in the context of a breach of an insurance contract . . . by a party to that insurance contract."    Ligon also supports the proposition that a party to an insurance contract may not sue a nonparty for breach of that contract. The plaintiff in Ligon brought a breach of contract action against not only his insurer, but also an independent adjuster and its agent. The Alabama Supreme Court affirmed a summary judgment in favor of the adjuster and the adjuster's agent on that claim, noting that the undisputed evidence in that case revealed they were not parties to the plaintiff's insurance contract. 551 So.2d at 285.

This case is similar in that the insured has sued an insurer's employee individually for wrongs alleged to have arisen from a breach of a duty owed to the plaintiffs under an insurance contract. None of the claims stated against Mr. Fitzsimmons in plaintiffs' complaint are viable causes of action under Alabama law entitling him to immediate dismissal as a defendant in this case.

<u>Inadequate Personal Service on Kevin Fitzsimmons</u>

The Federal Rules of Civil Procedure provide for SERVICE UPON INDIVIDUALS WITHIN A JUDICIAL DISTRICT OF THE UNITED STATES at Rule 4 (e) as follows:

Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other then an infant or incompetent person, may be effected in any judicial district of the United States:

> (1)    pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State, or,
>
> (2)    By delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Plaintiff's summons and complaint were sent certified mail to Mr. Fitzsimmons' place of employment which is not proper service on an individual under Rule 4 (e)(1) or (2).

<u>Kevin Fitzsimmons Has No Minimum Contacts With The State Of Alabama</u>

Plaintiffs' allegations against Mr. Fitzsimmons as stated in the complaint are specifically for a breach of duty created by an insurance contract between plaintiffs and State Auto Mutual Insurance Company. Plaintiffs contend Mr. Fitzsimmons had a duty to promptly and adequately investigate and adjust their insurance claim. Mr. Fitzsimmons is an employee of State Auto Mutual Insurance Company and at all times

relevant to this action, he was acting within the line and scope of his employment with State Auto Mutual Insurance Company.

Kevin Fitzsimmons is a resident citizen of Indianapolis, Indiana, not Alabama. Mr. Fitzsimmons does not regularly conduct any personal business in Alabama. He has no contract with either plaintiff. Therefore, plaintiffs clearly, based on the allegations in the complaint, have not established the minimum contacts necessary for this Honorable Court to invoke its jurisdiction over Kevin Fitzsimmons, an individual.

Wherefore, Defendant, Kevin R. Fitzsimmons respectfully requests this Honorable Court to enter an Order dismissing him as a defendant from this case, with prejudice, taxing all costs to plaintiffs.

Respectfully submitted,


s/Sue Williamson
SUE E. WILLIAMSON [ASB-2601-A41S]
Attorney for Kevin R. Fitzsimmons

Of Counsel:
KLASING & WILLIAMSON, P.C.
1601 Providence Park
Birmingham, Alabama 35242
(205) 980-4733 Telephone
(205) 980-4737 Facsimile

CERTIFICATE OF SERVICE

I hereby certify the foregoing **Memorandum of Law** has been served on the following counsel of record by placing a true copy in the U.S. Mail, properly addressed with sufficient postage affixed on this 19th day of June 2006:

Earl V. Johnson [JOH-056]
Post Office Drawer 1636
Andalusia, AL 36420
Ronald L. Davis [DAV-061]
Rosen, Cook, Sledge, Davis,
Shattuck & Oldshue, P.A.
P.O. Box 2727
Tuscaloosa, AL 35403

s/Sue Williamson
OF COUNSEL

7