IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **JOHN W. TISDALE, JR.** an individual and **WESTGATE DEVELOPMENT, INC.**, an Alabama Corporation, | § § § § § | |
| Plaintiffs, | § | Civil Action Case No. 2:06CV458-B |
| v. | § § | |
| **STATE AUTO INSURANCE COMPANIES**, a foreign corporation, **STATE AUTO MUTUAL INSURANCE COMPANY**, a foreign corporation, and **KEVIN R. FITZSIMMONS**, an individual, | § § § § § § § § | |
| Defendants. | § | |

**MOTION OF DEFENDANT, STATE AUTO MUTUAL INSURANCE COMPANY, AND PURPORTED DEFENDANT, "STATE AUTO INSURANCE COMPANIES", FOR PARTIAL DISMISSAL OF PLAINTIFFS' COMPLAINT**

Defendant, State Auto Mutual Insurance Company, and purported Defendant, "State Auto Insurance Companies"[1] (collectively, "State Auto"), hereby move for partial dismissal of Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and in support thereof aver as follows:

**Factual Background**

1.   On May 22, 2006, Plaintiffs, John W. Tisdale, Jr. ("Mr. Tisdale") and Westgate Development, Inc. ("Westgate") filed the Complaint.

---

[1] The purported Defendant, "State Auto Insurance Companies", is not a legal entity.

2. The Complaint names as defendants State Auto, as well as Kevin R. Fitzsimmons ("Fitzsimmons"), a State Auto employee.

3. Plaintiffs allege that, in 1999, Mr. Tisdale purchased a shopping center, and that he insured the shopping center under a insurance policy issued to Mr. Tisdale by State Auto. (See Complaint, ¶¶ 6, 7).

4. Plaintiffs allege that, in September 2004, the buildings in the shopping center were damaged by a hurricane. (See Compl., ¶ 9).

5. Plaintiffs allege that Mr. Tisdale subsequently made a claim to State Auto under the subject insurance policy, and that State Auto assigned the handling of the claim to Mr. Fitzsimmons. (See id., ¶¶ 11, 15).

6. Plaintiffs allege that, in March 2005, Mr. Tisdale "transferred the ownership" of the damaged buildings to Westgate. (See id., ¶ 8).

7. Plaintiffs allege, *inter alia*, that State Auto "breached [its] contract by failing to pay Plaintiffs pursuant to the insurance contract." (See id., ¶ 27).

8. Specifically, Count One of the Complaint purports to state a claim for breach of contract against State Auto; Count Two of the Complaint purports to state a claim for negligence against State Auto; and Count Three of the Complaint purports to state a claim for bad faith against State Auto. (See id.).[2]

## Legal Argument

---

[2] It is noted that Counts One and Two of the Complaint also purport to state claims against Mr. Fitzsimmons for breach of contract and negligence, respectively, and that Count Four of the Complaint purports to state a claim for wantonness against Mr. Fitzsimmons only. (Id.).

9. Federal Rule of Civil Procedure 12(b)(6) provides that the defense of a failure to state a claim upon which relief may be granted may be made by motion, before the filing of a responsive pleading. See F.R.C.P. 12(b)(6).

10. Under F.R.C.P. 12(b)(6), State Auto requests that the Court dismiss, as to State Auto, the claims of Plaintiff, Westgate, under Counts One and Three of the Complaint, and the claims of both Plaintiffs Tisdale and Westgate under Count Two of the Complaint.

11. Plaintiff, Westgate, fails to state a claim upon which relief may be granted under Count One of the Complaint, which purports to state a cause of action for breach of contract, because the Complaint does not (and cannot) aver that Westgate had any contract with State Auto. Rather, the Complaint alleges only that Mr. Tisdale had a contract with State Auto. (See Compl., ¶¶ 7, 10, 26-28). Therefore, Westgate's purported claim under Count One of the Complaint should be dismissed as to State Auto.

12. Both Plaintiffs Tisdale and Westgate fail to state a claim upon which relief may be granted under Count Two of the Complaint, which purports to state a cause of action for negligence in the handling of Plaintiffs' insurance claim. (See id., ¶¶ 30, 31). The law of Alabama does not recognize a cause of action for the negligent handling of insurance claims. Therefore, the claims of both Plaintiffs under Count Two of the Complaint should be dismissed as to State Auto.

13. Plaintiff, Westgate, fails to state a claim upon which relief may be granted under Count Three of the Complaint, which purports to state a cause of action for bad faith, because the Complaint does not (and cannot) aver that Westgate had any contract with State Auto. Under Alabama law, one who cannot prove she was entitled to benefits under an insurance policy

cannot recover on a bad-faith claim.  Therefore, Westgate's purported claim under Count Three of the Complaint should be dismissed as to State Auto

WHEREFORE, Defendant, State Auto Mutual Insurance Company, and purported Defendant, "State Auto Insurance Companies", respectfully request that this Honorable Court grant their motion for partial dismissal of Plaintiffs' Complaint, and dismiss with prejudice, as to State Auto:

(a) the claims of Plaintiff, Westgate Development, Inc., under Counts One and Three of the Complaint; and

(b) Count Two of the Complaint.

Respectfully submitted,

           s/Sue Williamson_____
           SUE E. WILLIAMSON [ASB-2601-A41S]
           Attorney for State Auto Mutual Insurance Company

Of Counsel:
KLASING & WILLIAMSON, P.C.
1601 Providence Park
Birmingham, Alabama 35242
(205) 980-4733 Telephone
(205) 980-4737  Facsimile
suewilliamson@bellsouth.net

- 5 -

CERTIFICATE OF SERVICE

     I hereby certify the foregoing has been served on the following counsel of record by placing a true copy in the U.S. Mail, properly addressed with sufficient postage affixed on this 20th day of June 2006:

Earl V. Johnson [JOH-056]
Attorney At Law
29 South Court Square
Post Office Drawer 1636
Andalusia, AL  36420

Ronald L. Davis [DAV-061]
Rosen, Cook, Sledge, Davis,
Shattuck & Oldshue, P.A.
2117 Jack Warner Parkway (35401)
P.O. Box 2727
Tuscaloosa, AL  35403

                                  s/Sue Williamson_____
                                  OF COUNSEL