IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOHN W. TISDALE, JR. an individual and WESTGATE DEVELOPMENT, INC., an Alabama Corporation, | § § § § § | |
| Plaintiffs, | § | Civil Action Case No. 2:06CV458-B |
| v. | § § | |
| STATE AUTO INSURANCE COMPANIES, a foreign corporation, STATE AUTO MUTUAL INSURANCE COMPANY, a foreign corporation, and KEVIN R. FITZSIMMONS, an individual, | § § § § § § § § | |
| Defendants. | § | |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF DEFENDANT, STATE AUTO MUTUAL INSURANCE COMPANY, AND PURPORTED DEFENDANT, "STATE AUTO INSURANCE COMPANIES", FOR PARTIAL DISMISSAL OF PLAINTIFFS' COMPLAINT**

Defendant, State Auto Mutual Insurance Company, and purported Defendant, State Auto Insurance Companies[1] (collectively, "State Auto"), hereby submit this memorandum of law in support of their motion for partial dismissal of Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

I.   **Factual Background**

On May 22, 2006, Plaintiffs, John W. Tisdale, Jr. ("Mr. Tisdale") and Westgate Development, Inc. ("Westgate") filed the Complaint. The Complaint names as defendants State Auto, as well as Kevin R. Fitzsimmons ("Fitzsimmons"), a State Auto employee.

---

[1] The purported Defendant, "State Auto Insurance Companies", is not a legal entity.

Plaintiffs allege that, in 1999, Mr. Tisdale purchased a shopping center, and that he insured the shopping center under a insurance policy issued to Mr. Tisdale by State Auto. (See Complaint, ¶¶ 6, 7). Plaintiffs allege that, in September 2004, the buildings in the shopping center were damaged by a hurricane. (See Compl., ¶ 9). Plaintiffs allege that Mr. Tisdale subsequently made a claim to State Auto under the subject insurance policy, and that State Auto assigned the handling of the claim to Mr. Fitzsimmons. (See id., ¶¶ 11, 15). Plaintiffs allege that, in March 2005, Mr. Tisdale "transferred the ownership" of the damaged buildings to Westgate. (See id., ¶ 8).

Plaintiffs allege, *inter alia*, that State Auto "breached [its] contract by failing to pay Plaintiffs pursuant to the insurance contract." (See id., ¶ 27). Specifically, Count One of the Complaint purports to state a claim for breach of contract against State Auto; Count Two of the Complaint purports to state a claim for negligence against State Auto; and Count Three of the Complaint purports to state a claim for bad faith against State Auto. (See id.).[2]

## II. Legal Argument

### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides that the defense of a failure to state a claim upon which relief may be granted may be made by motion, before the filing of a responsive pleading. See F.R.C.P. 12(b)(6). Pursuant to F.R.C.P. 12(b)(6), a complaint should be dismissed for failure to state a claim when it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief. See DePaola v. Nissan N. Am., Inc., 2006 U.S. Dist. LEXIS 29084, *4 (M.D. Ala. 2006) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

---

[2] It is noted that Counts One and Two of the Complaint also purport to state claims against Mr. Fitzsimmons for breach of contract and negligence, respectively, and that Count Four of the Complaint purports to state a claim for wantonness against Mr. Fitzsimmons only. (Id.).

"In considering a motion to dismiss, a court 'will not accept, without more, conclusory allegations or legal conclusions masquerading as factual conclusions.'" Id. (internal citations omitted).

>    B.   **The Claims Of Plaintiff, Westgate, Under Count One Of The Complaint Should Be Dismissed Pursuant To F.R.C.P. 12(b)(6).**

Plaintiff, Westgate, fails to state a claim upon which relief may be granted under Count One of the Complaint, which purports to state a cause of action for breach of contract.

Under Alabama law, to prevail on a claim for breach of contract, a plaintiff must establish (1) proof of a valid, enforceable contract, (2) terms and conditions of the contract, (3) breach of the contract, and (4) damages. Whaley v. Sony Magnetic Products, Inc. of America, 894 F. Supp. 1517 (M.D. Ala. 1995). "An essential element of a breach-of-contract claim is 'the existence of a valid contract between the parties.'" Jackson v. Cintas Corp., 391 F. Supp.2d 1075, 1102 (M.D. Ala. 2005) (citing South Med. Health Sys., Inc. v. Vaughn, 669 So. 2d 98, 99 (Ala. 1995)).

In the instant case, the Complaint does not (and cannot) aver that Westgate had any contract with State Auto. Rather, the Complaint alleges only that Mr. Tisdale had a contract with State Auto. (See Compl., ¶¶ 7, 10, 26-28). Therefore, Westgate's purported claim under Count One of the Complaint plainly should be dismissed as to State Auto.

>    C.   **The Claims of Both Plaintiffs Under Count Two of the Complaint Should Be Dismissed Pursuant To F.R.C.P. 12(b)(6).**

Both Plaintiffs fail to state a claim upon which relief may be granted under Count Two of the Complaint, which purports to state a cause of action for negligence in the handling of Plaintiffs' insurance claim. (See id., ¶¶ 30, 31).

The Alabama Supreme Court has clearly and consistently refused to recognize a cause of action for the negligent handling of insurance claims. See, e.g., Kervin v. Southern Guaranty Ins. Co., 667 So. 2d 704, 706 (Ala. 1995) ("...this Court has consistently refused to recognize a cause of action for the negligent handling of insurance claims..."); Pate v. Rollison Logging Equipment Inc., 628 So. 2d 337, 345 (Ala. 1993) (same); Chavers v. National Sec. Fire & Casualty Co., 405 So. 2d 1, 8 (Ala. 1981) ("...we have expressly rejected any cause of action based upon an insurer's negligence in handling direct claims."); Calvert Fire Ins. Co. v. Green, 180 So. 2d 269, 272 (1965) ("The contract here was to pay a covered loss under the policy. The insured is damaged by the failure to pay only in the sense that any creditor is damaged by the debtor's failure to pay a matured debt, but for this action an action in tort will not lie since the remedy is on the contract.")

As such, the claims of both Plaintiffs under Count Two of the Complaint should be dismissed as to State Auto.

### D. The Claims Of Plaintiff, Westgate, Under Count Three Of The Complaint Should Be Dismissed Pursuant to F.R.C.P. 12(b)(6).

Plaintiff, Westgate, fails to state a claim upon which relief may be granted under Count Three of the Complaint, which purports to state a cause of action for bad faith.

In *Continental Electric Co. v. American Employers Insurance Co.*, 518 So. 2d 83 (Ala. 1987), the Alabama Supreme Court summarized the requisites to sustain a prima facie case of bad faith in Alabama:

    a.    **Existence of an insurance contract and a breach by the insurer;**
    b.    Intentional refusal to pay the insured's claim;
    c.    Absence of a legitimate or arguable reason for refusal;
    d.    The insurer's actual knowledge of the absence of an arguable reason; and,

      e.      If the intentional failure to determine the existence of the lawful basis is the theory relied upon, the insured must prove the insurer's intentional failure to determine whether there was a legitimate or arguable reason to pay the claim.

Continental Electric, 518 So. 2d at 86 (emphasis added). See also, e.g., Congress Life Ins. Co. v. Barstow, 799 So. 2d 931, 937 (Ala. 2001) ("...contractual liability is a prerequisite for liability for bad faith. Therefore, one who cannot prove she was entitled to benefits under an insurance policy cannot recover on a bad-faith claim."); Ligon v. O.M. Hughes Ins., Inc., 551 So. 2d 283 (Ala. 1989) ("[t]he tort of 'bad faith' is not a cognizable cause of action in Alabama, except in the context of a breach of an insurance contract . . . by a party to that insurance contract.").

In the instant case, the Complaint does not (and cannot) aver that Westgate had any contract with State Auto. Rather, the Complaint alleges only that Mr. Tisdale had a contract with State Auto. (See Compl., ¶¶ 7, 10, 26-28). Therefore, Westgate's purported claim under Count Three of the Complaint clearly should be dismissed as to State Auto

### III. Conclusion

For the foregoing reasons, Defendant, State Auto Mutual Insurance Company, and purported Defendant, "State Auto Insurance Companies", respectfully request that this Honorable Court grant their motion for partial dismissal of Plaintiffs' Complaint, and dismiss with prejudice, as to State Auto: (1) the claims of Plaintiff, Westgate Development, Inc., under Counts One and Three of the Complaint; and (2) Count Two of the Complaint.

- 6 -

Respectfully submitted,

                                                 s/Sue Williamson
                                                 SUE E. WILLIAMSON [ASB-2601-A41S]
                                                 Attorney for State Auto Mutual Insurance Company

Of Counsel:
KLASING & WILLIAMSON, P.C.
1601 Providence Park
Birmingham, Alabama 35242
(205) 980-4733 Telephone
(205) 980-4737  Facsimile

PHLIT\564392\2

## CERTIFICATE OF SERVICE

I hereby certify the foregoing has been served on the following counsel of record by placing a true copy in the U.S. Mail, properly addressed with sufficient postage affixed on this 20th day of June 2006:

Earl V. Johnson [JOH-056]
Attorney At Law
29 South Court Square
Post Office Drawer 1636
Andalusia, AL 36420

Ronald L. Davis [DAV-061]
Rosen, Cook, Sledge, Davis,
Shattuck & Oldshue, P.A.
2117 Jack Warner Parkway (35401)
P.O. Box 2727
Tuscaloosa, AL 35403

               s/Sue Williamson
               OF COUNSEL