IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOHN W. TISDALE, JR., an individual, | § § § | |
| Plaintiff, | § § | Civil Action Case No. 2:06CV458-B |
| v. | § § | |
| STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, a foreign corporation, | § § § § | PLAINTIFF DEMANDS TRIAL BY STRUCK JURY |
| Defendant. | § § § | |

**FIRST AMENDED COMPLAINT**

COMES NOW the Plaintiff, John W. Tisdale, Jr., dismissing the Plaintiff, Westgate Development, Inc., an Alabama Corporation and the Defendants, State Auto Insurance Companies, a foreign corporation and Kevin R. Fitzsimmons, an individual and files its First Amended Complaint as follows:

1.   John W. Tisdale, Jr., is an individual resident, over the age of 21 years, and is a resident of Andalusia, Covington County, Alabama.

2.   The Defendant, State Automobile Mutual Insurance Company, upon information and belief, is a foreign corporation, whose principle place of business is Columbus, Ohio.

3.   In approximately 1999, the Plaintiff, John W. Tisdale, Jr., purchased a shopping center in Andalusia, Covington County, Alabama.

4.       The Plaintiff, John W. Tisdale, Jr. insured this shopping center with the Defendant, State Automobile Mutual Insurance Company, since that time.  Upon information and belief, the policy number of the insurance policy issued was BOP 961844104.

5.       On or about the 17th day of September 2004, Hurricane Ivan struck the southern portion of the United States causing extensive property damage including damage to the building owned by John W. Tisdale, Jr. located in Andalusia, Covington County, Alabama which was insured for such damage by the Defendant, State Automobile Mutual Insurance Company.

6.       On or about September 17, 2004, the insurance policy issued by the Defendant, which is the subject of this suit, was in full force and effect and the Plaintiff, John W. Tisdale, Jr. had paid all premiums which were due and owing to the Defendant at the time of this damage to his shopping center.

7.       The Plaintiff, John W. Tisdale, Jr. promptly notified the Defendant, State Automobile Mutual Insurance Company, by and through the O'Neal Agency, Inc., an insurance agency located in Andalusia, Alabama, of the damage which Hurricane Ivan caused to his building and more specifically, primarily to the roof of his building.

8.       At the time of this loss, the insured, John W. Tisdale, Jr., had replacement coverage insurance for damage to his building, including replacement coverage for any damage to the roof of his building.

9.       The Defendant failed to adequately and timely inspect the damage caused by Hurricane Ivan to the building which was insured by the Defendant and which was owned by John W. Tisdale, Jr.

10. The Plaintiff, John W. Tisdale, Jr., properly made a claim to his insurance carrier for damage caused by Hurricane Ivan, for temporary repairs and for a replacement of portions of the damaged roof as provided for in his insurance policy.

11. State Automobile Mutual Insurance Company assigned the handling of this claim to their employee, Senior Claims Representative, Kevin R. Fitzsimmons.

12. Mr. Fitzsimmons failed to adequately investigate, inspect, and/or adjust the claim for which he had been assigned responsibility by the Defendant.

13. In the investigation of this claim of the Plaintiff, the Defendant failed to follow the findings of its own independent contractors, failed to take the advice of representatives of the O'Neal Agency, failed to follow the findings of several individuals or entities which the Plaintiff, John W. Tisdale, Jr., was forced to hire because of the failure of the Defendant to adequately investigate this claim.

14. The Defendants have delayed the settlement of this claim almost two years.

15. This delay has caused the Plaintiff to incur expenses which an insured should not have been required to incur in investigating and documenting the loss which is the subject of this suit. The Plaintiff has been forced to incur expenses to make temporary repairs to his building in order to prevent further damage to his property. The Plaintiff has been unable to rent portions of the shopping center because of the failure of the Defendants to timely and adequately replace the damaged roof on portions of the building which is the subject of this suit. The Plaintiff has lost rent and tenants as a result of the acts and omissions of the Defendant.

16. As an additional result of the acts, omissions and delay of the Defendant, portions of the Plaintiff's building developed mold and mildew inside part of the building.

This additional damage is a direct result of the Defendant's failure and refusal to replace the damaged portions of the roof on the shopping center which is the subject of this suit.

17. The Defendant, State Automobile Mutual Insurance Company has breached its contract of insurance with the Plaintiff.

18. The Defendant, State Automobile Mutual Insurance Company has acted in bad faith by its intentional refusal to pay the claim of its insured. The Defendant has failed to pay the claim of the Plaintiff without any reasonable, legitimate, or arguable reason. The Defendant had actual knowledge of the absence of any legitimate or arguable reason to pay the claim of its insured at the time of its refusal to replace the roof on portions of the Plaintiff's building.

19. In the alternative, the Defendant, State Automobile Mutual Insurance Company intentionally failed to adequately determine whether there was a legitimate or arguable reason to refuse to replace portions of the shopping center which is the subject of this suit.

20. As a proximate result of the aforesaid acts and omissions of the Defendant, the Plaintiff has been damaged.

## COUNT ONE –
## (BREACH OF CONTRACT)

21. Plaintiffs incorporate paragraphs 1 through 20 above as if fully set out herein verbatim.

22. There was a contract between the Plaintiff, John W. Tisdale, Jr. and State Automobile Mutual Insurance Company. Under this contract, the Defendant was obligated to act in accordance with the terms of the contract of insurance.

4

23. The Plaintiff, John W. Tisdale, Jr., complied with all terms and conditions of the insurance contract which is the basis of this suit.

24. The Defendant, State Automobile Mutual Insurance Company, breached this contract of insurance by its failure to properly investigate this claim and by failing to pay the Plaintiff to replace portions of the roof of the shopping center pursuant to this contract of insurance.

25. The breach of this contract by State Automobile Mutual Insurance Company resulted in damage to the Plaintiff, John W. Tisdale, Jr.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant, State Automobile Mutual Insurance Company, for compensatory damages in excess of the jurisdictional requirement of this Court, as well as interest and costs.

### COUNT TWO – (BAD FAITH)

26. Plaintiffs incorporate paragraphs 1 through 25 above as if fully set out herein verbatim.

27. At all times hereto, the Defendant, State Auto Mutual Insurance Company, owed to its insured, John W. Tisdale, Jr., the duty to act in good faith to promptly and adequately investigate his claim for damages to his building and to promptly pay the claim for damage to the shopping center as required by the insurance policy which is the subject of this suit.

28. The Defendant breached its duty of good faith and fair dealing with its insured, John W. Tisdale, Jr., by various acts or omissions, including but not limited to the failure to promptly and adequately investigate the claim of their insured, to ignore the information

provided to them by their insured, John W. Tisdale, Jr., and by persons and entities acting on behalf of the Defendant.

29. These acts and omissions by the Defendant were done without any reasonable, legitimate or arguable reason and with the Defendant's actual knowledge of the absence of any legitimate or arguable reason.

30. In the alternative, the Defendant intentionally failed to determine the existence or not of a lawful basis to deny or diminish the payment of this claim and the insured's failure to determine whether there was a legitimate or arguable reason to refuse to pay the claim of the Plaintiff for the replacement of portions of his roof was intentional.

31. The Defendant set forth in an intentional, obvious and contrived attempt to force the insured, John W. Tisdale, Jr., to accept a minimal amount for his claim for damage to his building when in fact, the insurance policy and the laws of the State of Alabama require this Defendant to promptly and adequately investigate claims of their insured and to pay claims promptly and as required by the provisions of their insurance policies.

32. Upon information and belief, it is further alleged that this Defendant encouraged its employees to attempt to coerce their insured to accept settlements well below that which would be fair and equitable and required under the terms and conditions of their insurance policies and in fact financially rewarded their employees for such conduct.

**WHEREFORE**, Plaintiff demands both compensatory and punitive damages against the Defendant, State Automobile Mutual Insurance Company in an amount in excess of the minimum jurisdictional limits of this Court, plus interest and costs.

/s/ Earl Johnson
**Earl Johnson**   [JOH-056]

EARL V. JOHNSON
Attorney at Law
29 South Court Square
Post Office Drawer 1636
Andalusia, Alabama 36420
(334) 222-8443

/s/ Ronald L. Davis
**Ronald L. Davis**   [DAV-061]

/s/ Paige M. Oldshue
**Paige M. Oldshue**   [CAR-108]

OF COUNSEL:

ROSEN, COOK, SLEDGE, DAVIS,
 SHATTUCK & OLDSHUE, P.A.
2117 Jack Warner Parkway (35401)
Post Office Box 2727
Tuscaloosa, AL  35403
(205) 344-5000

**PLAINTIFF'S DEMAND TRIAL BY STRUCK JURY**

/s/ Ronald L. Davis
Ronald L. Davis

**Plaintiff:**

John W. Tisdale, Jr.
119 Dunston Street #6
Andalusia, AL 36420

7

**Defendant:**

State Automobile Mutual Insurance Company
P.O. Box 182738
Columbus, OH 43216

### CERTIFICATE OF SERVICE

    I hereby certify that on July 24, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Sue Williamson, Esq.
KLASING & WILLIAMSON, P.C.
1601 Providence Park
Birmingham, AL 35242

                                                /s/ Ronald L. Davis
                                                **Ronald L. Davis**