## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **JOHN W. TISDALE, JR., an** | § | |
| **individual,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **Civil Action Case No. 2:06CV458-B** |
| | § | |
| **STATE AUTOMOBILE MUTUAL** | § | |
| **INSURANCE COMPANY, a** | § | |
| **foreign corporation,** | § | |
| | § | |
| **Defendant.** | § | |

### DEFENDANT, STATE AUTOMOBILE MUTUAL INSURANCE COMPANY'S
### ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW, Defendant, State Automobile Mutual Insurance Company ("State Auto"), by and through its undersigned counsel and answers Plaintiff's First Amended Complaint as follows:

1.      Paragraph #1 is admitted, upon information and belief.

2.      Paragraph #2 is admitted.

3.      Paragraph #3 is admitted, upon information and belief.

4.      Paragraph #4 is admitted.

5.      Paragraph #5 is admitted only that on or about September 17, 2004 Hurricane Ivan struck the southern portion of the United States causing property damage.  All remaining averments of paragraph #5 are DENIED.

6.      Admitted only that insurance policy BOP 961844104 was in effect on September 17, 2004.  The insurance policy is a contract controlling coverage for the claim made the basis of this lawsuit and any averments of paragraph #6 made contrary to the terms of that contract are DENIED.

7.    Paragraph #7 is DENIED as written.  However, it is admitted Plaintiff notified State Auto of the alleged damage to his building.

8.    Admitted Policy No. BOP 961844104 provided replacement cost coverage for losses to the building deemed covered pursuant to the terms of the contract.

9.    Paragraph #9 is DENIED and strict proof demanded.

10.    Paragraph #10 is DENIED as written; however, it is admitted Plaintiff made a claim to State Auto for alleged damages to his property.

11.    Paragraph #11 is admitted.

12.    Paragraph #12 is emphatically DENIED and strict proof demanded.

13.    Paragraph #13 is emphatically DENIED and strict proof demanded.

14.    Paragraph #14 is emphatically DENIED and strict proof demanded.

15.    Paragraph #15 is emphatically DENIED and strict proof demanded.  By way of further answer, Plaintiff admissions made in his original Complaint establish that on March 3, 2005, Plaintiff transferred the ownership of the shopping center made the subject of this lawsuit to another owner; therefore, Plaintiff's claim for alleged damages occurring after March 3, 2005 cannot be substantiated as a matter of law.  Plaintiff lacks standing to assert any claim for damages to the building sustained subsequent to his transfer of ownership on March 3, 2005 as a matter of law.

16.    Paragraph #16 is DENIED and strict proof demanded.  By way of further answer, Plaintiff's admissions made in his original Complaint establish that on March 3, 2005, he transferred the ownership of the buildings made the subject of this lawsuit to another owner; therefore, he lacks standing to make any claim for alleged damages occurring after March 3, 2005 as a matter of law.

17.    Paragraph #17 is emphatically DENIED and strict proof demanded.

18.    Paragraph #18 is emphatically DENIED and strict proof demanded.

19.    Paragraph #19 is emphatically DENIED and strict proof demanded.

20.    Paragraph #20 is DENIED and strict proof demanded.


## COUNT ONE
## (BREACH OF CONTRACT)

21.    In response to paragraph #21, State Auto incorporates by reference its previous answers to paragraphs 1 through 20 as if fully set out herein.

22.    Admitted in part.  It is admitted that a contract, insurance policy BOP 961844104, was in existence between Plaintiff and State Auto.  By way of further answer, the policy is a contract and both parties are bound by its terms.

23.    Paragraph #23 of Count One is DENIED and strict proof demanded.

24.    Paragraph #24 of Count One is DENIED and strict proof demanded.

25.    Paragraph #25 of Count One is DENIED and strict proof demanded.


## COUNT TWO
## (BAD FAITH)

26.    In response to paragraph #26 of Count Two, State Auto incorporates by reference its previous answers to paragraphs 1 through 25 as if fully set out herein.

27.    Paragraph #27 is DENIED as written.  The insurance contract in effect on the date of the alleged loss governs the duties and obligations of both parties.

28.    Paragraph #28 is emphatically DENIED and strict proof demanded.

29.    Paragraph #29 is emphatically DENIED and strict proof demanded.

30.  Paragraph #30 is emphatically DENIED and strict proof demanded.

31.  Paragraph #31 is emphatically DENIED and strict proof demanded.

32.  Paragraph #28 is emphatically DENIED and strict proof demanded.

## AFFIRMATIVE DFENSES

I.   State Auto denies doing, or failing to do, any act that caused or contributed to cause any damage to plaintiff or plaintiff's property as alleged in the First Amended Complaint.

II.  State Auto pleads the contract of insurance as a defense, denies breaching that contract with plaintiff and further avers that plaintiff breached the contract with State Auto.

III. State Auto denies any negligent conduct as alleged in plaintiff's First Amended Complaint.

IV.  State Auto contests the nature and extent of damages demanded by plaintiff's First Amended Complaint and demands strict proof thereof.

V.   State Auto avers plaintiff failed to mitigate his damages as required under Alabama law before he can successfully seek recovery for the claims asserted against State Auto in the First Amended Complaint.

VI.  State Auto avers that plaintiff's claim for relief as stated in the First Amended Complaint violates its constitutional rights as set out in each of the following provisions of the United States Constitution and the Constitution of the State of Alabama:

(a)  Contracts Clause of the U.S. Constitution at Article I, Section 10;

(b)  Excessive Fines Clause of the Eighth Amendment to the U.S. Constitution;

(c)  Due Process Clause of the Fourteenth Amendment to the U.S. Constitution;

(d)     Contracts Clause of the Constitution of Alabama, Article I, Section 2;

(e)     Excess Fines Clause of the Constitution of Alabama at Article I, Section 15; and,

(f)     Due Process Clause of the Constitution of Alabama at Article I, Section 6.

VII.     State Auto avers that any award of punitive damages against it would be penal in nature and would violate its constitutional rights protected under the provisions of the United States Constitution and Alabama Constitution unless the same procedural safeguards are provided to State Auto that are provided to a criminal defendant, including, but not limited        to, the right to avoid self incrimination either by testifying and/or the production of        documents and the requirement for a "beyond a reasonable doubt" burden of proof.

VIII.     Insufficient standards are available in Alabama to govern punitive damage awards and that insufficiency violates the due process clauses of the Fourteenth amendment to the U.S. Constitution and the Alabama Constitution at Article I, Section 6.

IX.     State Auto avers any punitive damages awarded against it based on the principle of joint and several liabilities would create an excessive fine against it in violation of the Eighth and Fourteenth Amendments to the Constitution of the State of Alabama requiring the state to afford all persons equal protection under the law.

X.     The failure of the State of Alabama to make a provision only for the imposition of but one assessment of damages against a joint tortfeasor, despite differing degrees of culpability and wrongdoing, unreasonably acts to establish a classification for acts or wrongdoing that State Auto did not commit and contradicts its rights afforded by the Fourteenth Amendment to the Constitution of Alabama which requires that the state afford all persons equal protection under the law.

- 5 -

XI.     State Auto avers that Alabama law operates to create an arbitrary and capricious method for the jury's assessment and determination of damages by imposing joint and several liability on it for the acts of others without regard for the degree or culpability of other defendants joined in this action and further deprives State Auto of its property without due process of law in violation of Amendment Five and Amendment Fourteen to the Constitution of the United States and Article I, Section 6 of the Alabama Constitution.

XII.    State Auto avers that plaintiff breached the insurance contract, failed to comply with policy duties after a loss, failed to cooperate during the claims process, impeded resolution of the claim and prevented the restoration project from being completed according to the contractor's proposal of the work to be done.

XIII.   State Auto contends plaintiff failed to apply claim payments made by State Auto to the repair of the roof and building thereby causing the work to be delayed resulting in more extensive damage to the property.

XIV.    State Auto acted appropriately, lawfully, in compliance with the insurance policy contract in good faith at all times during the claim process made the basis of this lawsuit.

XV.     Plaintiff's Complaint, as Amended, fails, in whole or in part, to state a claim upon which relief can be granted.

XVI.    Plaintiff's claims against State Auto are barred, in whole or in part, by the doctrines of accord and satisfaction, waiver, estoppel, ratification, laches, and/or unclean hands.

XVII.   Plaintiff's claims are barred, in whole or in part, because Plaintiff has incurred no damages during his ownership of the property during the period the policy provided coverage.

- 6 -

XVIII. The damages alleged in Plaintiff's First Amended Complaint were the result of the negligence or other supervening and intervening conduct of plaintiff, third persons or entities over whom State Auto exercised neither control nor right of control.

XIX. Plaintiff has failed to join one or more indispensable parties as defendants in this action.

XX. State Auto contends plaintiff caused or contributed to cause the damages complained of by failing or refusing to make timely repairs to the roof when insurance proceeds were tendered for repair.

XXI. State Auto reserves the right to supplement this Answer to plaintiff's First Amended Complaint to plead any additional defenses, including affirmative defenses, which become known to us that are applicable at any time including during discovery and at trial.

Respectfully submitted,

_Sue Williamson_

_____
SUE E. WILLIAMSON [WIL133]
Attorney for Defendant,
State Automobile Mutual Insurance Co.

Of Counsel:
KLASING & WILLIAMSON, P.C.
1601 Providence Park
Birmingham, Alabama 35242
(205) 980-4733 Telephone
(205) 980-4737 Facsimile
suewilliamson@bellsouth.net

## CERTIFICATE OF SERVICE

I hereby certify **State Auto's** Answer to Plaintiff's First Amended Complaint has been served on the following counsel of record by placing a true copy in the U.S. Mail, properly addressed with sufficient postage affixed on this 11th day of August 2006:

Earl V. Johnson, Esq.
Post Office Drawer
Andalusia, Alabama 36420

Ronald L. Davis, Esq.
Paige M. Oldshue, Esq.
Rosen, Cook, Sledge, Davis, Shattuck & Oldshue, P.A.
Post Office Box 2727
Tuscaloosa, Alabama 35403

_____
Of Counsel