IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| JOHN W. TISDALE, JR., an individual, | § |
|---|---|
| | § |
| | § |
| Plaintiff, | § |
| v. | § Civil Action Case No. 2:06CV458-B |
| | § |
| STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, a foreign corporation, | § |
| | § |
| | § |
| | § |
| Defendant. | § |

## MOTION OF DEFENDANT, STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, FOR PARTIAL JUDGMENT ON THE PLEADINGS

Pursuant to Federal Rule of Civil Procedure 12(c) defendant, State Automobile Mutual Insurance Company ("State Auto") hereby moves for partial judgment on the pleadings based on the following evidentiary submissions:

I. The pleadings consisting of the Original Complaint [Doc. #1] and First Amended Complaint [Doc. #11];

II. Statement of Undisputed Facts; and,

III. Memorandum of Law.

## STATEMENT OF UNDISPUTED FACTS

1. On July 24, 2006, Mr. Tisdale filed a First Amended Complaint against State Auto (Doc. #11).

2. In the Amended Complaint, Mr. Tisdale avers that he purchased a shopping center in 1999 and insured it under an insurance policy issued by State Auto. (Doc. #11, ¶¶ 3, 4). Mr. Tisdale alleges the buildings in the shopping center were damaged by a hurricane in September

2004. (Doc. #11, ¶ 5). Mr. Tisdale alleges "the Defendants [sic] have delayed the settlement of this claim almost two years." (Doc. #11, ¶ 14) (emphasis added).

    3.    The Amended Complaint (Doc. #11) alleges as damages the following, *inter alia*:

- "This delay has caused [Mr. Tisdale] to incur expenses....[Mr. Tisdale] has been unable to rent portions of the shopping center because of the failure of the Defendants [sic] to timely and adequately replace the damaged roof on portions of the building which is the subject of this suit....[Mr. Tisdale] has lost rent and tenants as a result of the acts and omissions of the Defendant."

- "As an additional result of the acts, omissions and delay of the Defendant, portions of the Plaintiff's building developed mold and mildew inside part of the building. This additional damage is a direct result of the Defendant's failure and refusal to replace the damaged portions of the roof on the shopping center which is the subject of this suit."

(Doc. #11, ¶¶ 15, 16) (emphasis added).

    4.    Mr. Tisdale's original Complaint (Doc. #1) filed with co-plaintiff Westgate on May 22, 2006.[1] averred as follows:

- "On or about the 3rd day of March 2005, [Mr. Tisdale] transferred the ownership of the buildings which are the subject of this suit to [Westgate]."[2]

- "After the transfer of ownership from [Mr. Tisdale] to [Westgate], Plaintiffs have continued to be damaged by the delays of the Defendants and the resulting continued damage to the buildings including damage to the interior and exterior of the buildings, and damages caused by the inability of the owner of the shopping center to rent the premises due to the damage to the roofs which the Defendants have failed to correct by the replacement of portions of the roof on the shopping center which is the subject of this suit."

- "[Westgate] continues to be damaged by the failure of the Defendants to replace the roof on the buildings which are the subject of this suit."

---

[1] The Complaint named as defendants State Auto, as well as Kevin R. Fitzsimmons ("Mr. Fitzsimmons"), a State Auto employee. (Doc. #1.) The Complaint purported to state claims for breach of contract, negligence, bad faith, and "wantonness". (Doc. #1)

[2] In addition, it is noted that the Warranty Deed officially recording the March 3, 2005 transfer of ownership from Mr. Tisdale to Westgate is physically located at the Covington County Probate Judge's Office, in Book 2005 at Page 3406.

2

(Doc. #1, ¶¶ 8, 23, 24) (emphasis added).

5. On June 20, 2006, State Auto moved for the partial dismissal of plaintiffs' Complaint as to, *inter alia*, all claims by Westgate, on the grounds that Westgate had no contract with State Auto.[3]

6. On July 24, 2006, Westgate was dismissed as a party plaintiff and Mr. Tisdale filed his Amended Complaint. (Doc. #11).[4]

7. On July 25, 2006, Plaintiff, Westgate voluntarily dismissed its claims. (Doc. #13). Westgate's claims were dismissed by Order of the Court on July 27, 2006. (Doc. #14)

8. On August 11, 2006, State Auto filed an answer and affirmative defenses (Doc. #16) to the Amended Complaint.

## MEMORANDUM OF LAW

### A. Legal Standard

Rule 12(c) of the Federal Rules of Civil Procedure provides:

> [a]fter the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

---

[3] State Auto also moved for dismissal of plaintiffs' negligence claim, on the grounds that such a claim was not cognizable under Alabama law. Also on June 20, 2006, Mr. Fitzsimmons moved for dismissal of all claims against him, on the grounds that such claims were not cognizable under Alabama law, and that Mr. Fitzsimmons was not subject to personal jurisdiction.

[4] In addition, the Amended Complaint dismisses Mr. Fitzsimmons as a defendant, and alleges causes of action only for breach of contract and bad faith against State Auto. Also on July 24, 2006, Mr. Tisdale filed a response to the motions to dismiss, stating that the Amended Complaint had "address[ed] the issues raised in the two motions [to dismiss, and] thus the two motions are now moot." Subsequently, on July 27, 2006, the Court entered orders confirming the dismissal of Westgate as a plaintiff, as well as the dismissal of the negligence claim and the dismissal of Mr. Fitzsimmons as a defendant.

FED. R. CIV. P. 12(c).

"'Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts.'" Summit Medical Associates, P.C. v. Siegelman, 130 F. Supp. 2d 1307, 1309 (M.D. Ala. 2001) (citing Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998)). In considering a motion for judgment on the pleadings, "[t]he Court accepts all facts alleged in the complaint as true and views the facts in the light most favorable to the nonmoving party." Henderson v. Inabinett, 2006 U.S. Dist. LEXIS 24196, *12 (M.D. Ala. 2006) (citing Scott v. Taylor, 405 F.3d 1251, 1253 (11th Cir. 2005)). "If upon reviewing the pleadings it is clear the nonmoving party would not be entitled to relief upon any set of facts that could be proved consistent with the allegations, the court should dismiss the complaint." Youngblood v. Potter, 262 F. Supp. 2d 1309, 1311 (citing White v. Lemacks, 183 F.3d 1253, 1255 (11th Cir. 1999)).

**B.    Plaintiff's Claim For Alleged Damages Occurring After Plaintiff's Transfer Of Ownership Of The Property Made The Basis Of This Case Is Due To Be Dismissed**

By way of the Amended Complaint, Tisdale seeks to recover insurance proceeds from State Auto for alleged damages occurring after March 3, 2005 – despite the fact that on March 3, 2005, Mr. Tisdale admittedly transferred ownership of the property that is the subject of this lawsuit to Westgate in the original complaint. (Doc. #1, ¶ 8).[5] Plaintiff's claim for such alleged damages clearly cannot be proven as a matter of law and are due to be dismissed from this case.

---

[5] Further, the Court may take judicial notice of the Warranty Deed officially recording the transfer of ownership from Mr. Tisdale to Westgate, which deed is located at the Covington County Probate Judge's Office, in Book 2005 at Page 3406.

4

Specifically, Mr. Tisdale alleges, *inter alia*, that State Auto "has delayed the settlement of this claim almost two years," and "[t]his delay has caused [Mr. Tisdale] to incur expenses," has caused him to be "unable to rent portions of the shopping center…[and lose] rent and tenants," and has caused damages in the form of "mold and mildew inside part of the building." (Doc. #11, ¶¶ 14, 15, 16).

However, Mr. Tisdale has specifically admitted that, on March 3, 2005, he "transferred the ownership of the buildings which are the subject of this suit to [Westgate]," that "[a]fter the transfer of ownership from [Mr. Tisdale] to [Westgate]…damage [resulted] to the interior and exterior of the buildings, and damages [were] caused by the inability of the owner of the shopping center to rent the premises," and that it is "[Westgate] [that] continues to be damaged by the failure of the Defendants to replace the roof on the buildings which are the subject of this suit." (Doc. #1, ¶¶ 8, 23, 24) (emphasis added).

Plainly, Mr. Tisdale cannot legally collect damages for property damage occurring <u>after</u> Mr. Tisdale transferred ownership of the property to Westgate (which is not a party to this lawsuit nor a part to the State Auto insurance contract). As such, any claim by Mr. Tisdale for alleged damages occurring after March 3, 2005 is unsupportable as a matter of law and should be dismissed.

WHEREFORE, Defendant, State Automobile Mutual Insurance Company, respectfully requests this Honorable Court to grant its Motion for Partial Judgment on the Pleadings under F.R.C.P. 12(c), and dismiss, with prejudice, Plaintiff's claim for any alleged damages occurring after March 3, 2005 when Plaintiff transferred ownership of the property insured under the State Auto policy made the subject of this lawsuit to Westgate.

Respectfully submitted,

*/s/ Sue Williamson*

---
SUE E. WILLIAMSON [WIL133]
Attorney for Defendant,
State Automobile Mutual Insurance Co.

Of Counsel:
KLASING & WILLIAMSON, P.C.
1601 Providence Park
Birmingham, Alabama 35242
(205) 980-4733 Telephone
(205) 980-4737  Facsimile
suewilliamson@bellsouth.net

## CERTIFICATE OF SERVICE

I hereby certify that **State Auto's** Motion for Partial Judgment on the Pleadings, Supporting Undisputed Statement of Facts and Memorandum of Law have been served on the following counsel via CM/ECF on this 16th day of August 2006:

Earl V. Johnson, Esq.
Post Office Drawer
Andalusia, Alabama 36420

Ronald L. Davis, Esq.
Paige M. Oldshue, Esq.
Rosen, Cook, Sledge, Davis, Shattuck & Oldshue, P.A.
Post Office Box 2727
Tuscaloosa, Alabama 35403

*/s/ Sue Williamson*

---
Of Counsel