IN THE UNITED STATE DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN W. TISDALE, JR., | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | § Civil Action Case No. 2:06CV458-B |
| | § |
| STATE AUTO MUTUAL INSURANCE | § |
| COMPANY, et al., | § |
| | § |
| Defendants. | § |

**PLAINTIFF'S RESPONSE TO DEFENDANTS'**
**MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

Comes now the Plaintiff, John W. Tisdale, Jr. ("Tisdale"), and responds to State Auto Mutual Insurance Company's ("State Auto") Motion for Partial Judgment on the Pleadings by stating that the Defendants' motion is due to be denied. In support of this response, the Plaintiff states as follows:

1. Tisdale will be able to recover damages after March 3, 2005, if he has an insurance interest in the insured property.

2. Tisdale will be able to recover damages after March 3, 2005, if State Auto has waived the defense as a transfer, or if State Auto is estopped from raising he transfer as a defense.

3. State Auto's motion should not be granted before the parties are permitted to conduct discovery in this case.

1

## I. STANDARD FOR JUDGMENT ON THE PLEADINGS

Federal district courts have applied a "fairly restrictive standard in ruling on motions for judgment on the pleadings." Patterson v. Augat Wiring Systems, Inc., 944 F. Supp. 1509, 1516-17 (M.D. Ala. 1996) (citing Bryan Ashley Int'l, Inc. v. Shelby Williams Indus., Inc., 932 F. Supp. 290, 291 (S.D. Fla. 1996)). A judgment on the pleadings should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998)(citing Slagle v. ITT Hartford, 102 F.3d 494, 497 (11th Cir. 1996))(emphasis added). "Moreover, all factual allegations presented in the pleadings, and all inferences drawn thereof, are to be construed as true and in the light most favorable to the nonmovant." Patterson, 944 F. Supp. at 1516-17. "Thus, in effect, the party opposing the motion has the benefit of all possible favorable assumptions." C. Wight and A. Miller, 5C Federal Practice and Procedure Civil 3d § 1368. In this case, there are material facts in dispute, and thus a judgment on the pleadings is not appropriate.

## II. ARGUMENT

State Auto argues that because Tisdale transferred his ownership of the damaged property on March 3, 2005, Tisdale's claim for any damages arising after March 3, 2005, cannot be proven as a matter of law. State Auto does not cite any statutory or common law authority to support its argument that Tisdale cannot recover damages for injury to the property after he transferred ownership to Westgate Development, Inc. ("Westgate"). While State Auto cites no case law in support for its position, Tisdale's claims for damages on the insured property are supported by both Alabama statutory and case law. In addition, federal courts of appeal have also followed Alabama law on the issue.

What State Auto implies in its motion is that the "sale" of the property by the Plaintiff is to a totally unrelated third party and that John Tisdale was paid in full for his property by this third party. Nothing could be further from the truth. This "sale" or transfer of ownership by John Tisdale, individually, was to an existing <u>family</u> entity whose shares were, and are, owned by John Tisdale and his wife. John Tisdale <u>still</u> has an ownership interest in the insured property. Also, State Auto has dealt with John Tisdale as the owner of the property during the past two years, well after this so called "sale" of the insured property by the Plaintiff.

> **A.     State Auto's argument fails because Alabama law inures to the benefit of persons holding an insurable interest in a property.**

Alabama Code § 27-14-4 states, "No contract of insurance of property or of any interest in property, or arising from property, shall be enforceable as to the insurance except for the benefit of persons having an insurable interest in the things insured as at the time of the loss." Ala. Code § 27-4-14 (West 1998). "It has been expressly held that a stockholder in a corporation has an insurable interest in the property of the corporation, which will sustain a recovery on a policy issued to him on the property." <u>Aetna Ins. Co. v. Kennedy</u>, 50 So. 73, 74 (Ala. 1909). Further, the former Fifth Circuit, applying Alabama law, recognized such an interest as well:

> The overwhelming majority of jurisdictions, including Alabama, recognize that a stockholder in a corporation has a legal insurable interest in its property in proportion to the amount of his stockholdings. <u>Aetna Ins. Co. v. Kennedy</u>, 50 So. 73, 74 (Ala. 1909). Whether as stockholders or as partners, the [plaintiffs] were the uncontroverted owners of the entire interest in the building and its contents, entitled to contract with the Company to protect their investment . . . . Consequently, [the plaintiff], whether as co-holder of all controlling stock in the corporation or as partner in the enterprise doing business as Covington Memorial Hospital, had a legally insurable interest at the time the policy was issued to him.

<u>Providence Washington Ins. Co. v. Stanley</u>, 403 F.2d 844, 848-49 (5th Cir. 1968), <u>on denial of reh'g</u>, 406 F.2d 735 (1969).

In this case, Tisdale will be able to establish that he was a shareholder in Westgate at the time that the ownership of the insured property was transferred, and has continued to be a shareholder of Westgate throughout the time of this dispute. Under these circumstances, Tisdale would have an insurable interest in the property pursuant to Alabama law and would be able to recover policy benefits and damages beyond the date that ownership of the property was transferred to his company. See Stanley, 403 F.2d at 848-49, Kennedy 50 So. at 74. If established, these facts will be consistent with the allegations of Tisdale's complaint, and would entitle him to relief. Accordingly, there is at least one set of facts that Tisdale can prove that would entitle him to relief, and State Auto's motion for partial judgment on the pleadings is thus due to be denied.

> B. **Tisdale will be entitled to recover damages beyond March 3, 2005, if State Auto has waived any objections based on the transfer of ownership of the property.**

In National Security Fire and Casualty Company v. Hester, 298 So. 2d 236 (Ala. 1974), the Alabama Supreme Court held that:

> "Where the [insurance] company has, with knowledge of the nature of the interest of the insured, recognized such interest as sufficient to support a policy, it cannot question the sufficiency of such interest."

Hester, 298 So. 2d at 239. The court reasoned that where the insurance company had knowledge of the insured's interest in the property, and the insurance company recognized that interest by issuing a policy and accepting premiums paid by the insured, the insurance company was estopped from questioning the insured's interest because it knew at the time the policy was issued that the insured did not hold full legal title to the property. Id. at 240. The court went on to hold that to allow the company to complain after it issued the policy and received the premiums "would be to sanction bad faith on its part." Id. at 243. Similarly, in American

Casualty Co. v. Wright, 554 So. 2d 1015 (Ala. 1989), the court stated, "Ultimately, however, the substance of the doctrine of waiver as applied in the law of insurance is that, if the insurer, *with knowledge of facts* that would bar liability, recognizes such liability by treating the policy as in force, it will not thereafter be allowed be allowed to plead such facts to avoid liability." Wright, 554 So. 2d at 1018 (citing Blue Cross-Blue Shield of Alabama v. Ramsey, 193 So. 2d 149 (1966)).

In this case, Tisdale will be able to establish that he purchased the shopping center at issue in his own name in or around 1999, and subsequently insured the shopping center under a policy of insurance with State Auto. The State Auto policy was issued in his name, and he paid all of the premiums on this policy. This policy of insurance was renewed on several occasions by State Auto. After the shopping center was damaged by Hurricane Ivan in September of 2004, Tisdale later transferred ownership of the property to his own corporation, Westgate, on March 3, 2005. Tisdale will also be able to show, at a minimum, that State Auto continued to adjust his claim for damage to the shopping center and to attempt to reach a settlement of the claim after the transfer of ownership of the property. If Tisdale can establish that State Auto has continued to adjust his claim, and to take other actions such as to treat the policy as in force beyond March 3, 2005, while having knowledge of the transfer of ownership to Tisdale's corporation, then Tisdale could show that State Auto has either waived the transfer as a defense, or that State Auto is estopped to raise the transfer as a defense. Again, this would be a set of facts that is consistent with the allegations of the Complaint and that would entitle Tisdale to relief. Thus, State Auto's motion for partial judgment on the pleadings is due to be denied.

**C. State Auto's Motion should not be granted before the parties have an opportunity to conduct discovery in this case.**

The fundamental problem with State Auto's motion for partial judgment on the pleadings is that it is simply premature. State Auto's motion comes before the parties have even had an opportunity to conduct <u>any</u> discovery whatsoever on the issues that have been raised in its motion, let alone the remainder of the issues in the case. Tisdale has presented at least two legal theories that could entitle him to relief for damages incurred after the transfer of ownership of the insured property on March 3, 2005, and there may be other theories of recovery that are available to him. However, none of these issues can properly be addressed or resolved by this court without allowing the parties to conduct discovery and to present evidence in support of their positions.

While Tisdale has demonstrated at least two different legal theories which could entitle him to recover damages beyond the transfer of ownership of property, he has not been able to conduct any discovery and to develop the factual support to present these or any other available legal theories to this Court. By way of example, Tisdale <u>still</u> does not have a certified copy of the insurance policy that was in effect at the time of the damage to his property. A certified letter was sent to State Auto on or about May 18, 2006 requesting a certified copy of the insurance policy. This request was received by State Auto on May 22, 2006 but no response has been received in almost four (4) months! [1] Moreover, as of the time that this response is being filed, Tisdale has not received State Auto's initial disclosures pursuant to Rule 26, and has not had an opportunity to send interrogatories or requests for production to State Auto, let alone to begin deposing any witnesses in this case.

---

[1] A true, correct and authentic copy of the May 18, 2006, letter requesting a certified copy of the insurance policy is attached to this response as Exhibit A. According to the tracking and confirmation information available from the United State Postal Service, this letter was received by State Auto on May 22, 2006. See Exhibit B, a copy of printout from the United States Postal Service Track and Confirm website.

Further, while Tisdale made his original claim under the policy shortly after Hurricane Ivan in September of 2004, and even though State Auto and its representatives have made at least some attempts to adjust Tisdale's claim and reach a settlement of the claim over the past two (2) years, this is the first time that State Auto has raised the issue of the ownership of the shopping center as a bar to any recovery by Tisdale.

Regardless of whether or not State Auto's motion is granted, the parties will still have to proceed with discovery in this case. Since this case involves a claim of bad faith against an insurance company, as well as some fairly extensive damage to a commercial building, the discovery in this case will be relatively involved. Discovery will not be substantially limited or affected if State Auto's motion for a partial judgment on the pleadings is granted, thus granting State Auto's motion will not increase the efficiency with which this case is handled. State Auto's motion has raised several questions of tort and insurance law, and these issues should not be decided without the benefit of evidence. If State Auto's position is correct, then it will be able to obtain a summary judgment on the same issue at a later date. However, this question should not be resolved prior to the parties being allowed to even begin discovery and to present factual evidence to the court to evaluate their claim. Accordingly, this Court should deny State Auto's motion for partial judgment on the pleadings.

### III.   CONCLUSION

**WHEREFORE**, the Plaintiff, Tisdale, respectfully requests this Honorable Court to deny the Defendants' Motion for Partial Judgment on the Pleadings, as well as deny the Defendants' request that Tisdale's claims arising after March 3, 2005 be dismissed with prejudice.

Respectfully submitted this the 19th day of September, 2006.

/s/ Paige M. Oldshue
**Ronald L. Davis**  [DAV-061]
**Paige M. Oldshue**   [CAR-108]
Attorneys for the Plaintiff

OF COUNSEL:

ROSEN, COOK, SLEDGE, DAVIS,
 SHATTUCK & OLDSHUE, P.A.
2117 Jack Warner Parkway (35401)
Post Office Box 2727
Tuscaloosa, AL  35403
(205) 344-5000

EARL V. JOHNSON
Attorney at Law
29 South Court Square
Post Office Drawer 1636
Andalusia, Alabama 36420
(334) 222-8443

## **CERTIFICATE OF SERVICE**

 I hereby certify that on September 19, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Sue Williamson, Esq.
KLASING & WILLIAMSON, P.C.
1601 Providence Park
Birmingham, AL 35242

       /s/ Paige M. Oldshue
       **Paige M. Oldshue**