IN THE UNITED STATES DISTRICT COURT OF
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHN W. TISDALE, JR. et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action Case No. 2:06 CV 458-B |
| ) | |
| STATE AUTOMOBILE INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT, STATE AUTOMOBILE MUTUAL INSURANCE COMPANY'S REPLY BRIEF IN SUPPORT OF MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

I.   **Introduction**

Mr. Tisdale's Response to State Auto's Motion for Partial Judgment on the Pleadings cites three purported grounds upon which Mr. Tisdale urges the denial of State Auto's Motion. None provides any support for Mr. Tisdale's position. To the contrary, under basic principles of contract law – as applied to Mr. Tisdale's own admissions, as well as facts of which the court may take judicial notice - any claim by Mr. Tisdale for alleged damages occurring after March 3, 2005, is unsupportable as a matter of law and should be dismissed.

State Auto submits this brief Reply in order to correct the errors of fact and law made in Mr. Tisdale's Response.

II.   **Mr. Tisdale's "Insurable Interest" Argument Is Misplaced**

Mr. Tisdale's attempt to enlist the "insurable interest" doctrine to support his claims for alleged damages occurring after March 3, 2005, is entirely misplaced.

Mr. Tisdale seeks to recover insurance proceeds from State Auto for alleged damages occurring after March 3, 2005 – despite the fact that on March 3, 2005, Mr. Tisdale admittedly transferred ownership of the property that is the subject of this lawsuit to Westgate. (Doc. #1, ¶ 8). Mr. Tisdale cannot legally make a claim for property damage occurring after he transferred ownership of the property to Westgate (which is not a party to this lawsuit nor a party to the State Auto insurance contract).[1]  As such, any claim by Mr. Tisdale for alleged damages occurring after March 3, 2005, is unsupportable as a matter of law and is due to be dismissed.

Under well-established principles of contract law, "[t]he insurance company's liability . . . must be measured by the terms of its contract and not by the terms of an agreement between the insured and a third party." Nat'l Sec. Fire & Cas. Co. v. Miller, 394 So. 2d 31, 32 (Ala. Civ. App. 1980) (emphasis added).  What Mr. Tisdale is seeking to do violates this fundamental principle of contract law.  Mr. Tisdale asks the court to expand State Auto's obligations under the policy issued to Mr. Tisdale to include coverage of Westgate, a third party to which Mr. Tisdale subsequently sold the subject property.  However, Westgate did not have any contract with State Auto and Westgate was not an insured party under the contract between Mr. Tisdale and State Auto.[2]  Whether or not Mr. Tisdale has an "insurable interest" in Westgate is not the issue. Westgate was not insured under the policy issued by State Auto to Mr. Tisdale and thus cannot make a valid claim under that insurance contract for damages which they contend occurred subsequent to the transfer of ownership of the property.

---

[1] In addition, for the Court's reference, State Auto has attached hereto as Exhibit "A" a certified copy of the Warranty Deed officially recording the transfer of ownership from Mr. Tisdale to Westgate. The Court, of course, may take judicial notice of this Warranty Deed, the original of which is located at the Covington County Probate Judge's Office, in Book 2005 at Page 3406.

[2] Indeed, the absence of any contractual relationship between State Auto and Westgate was the basis for the dismissal of Westgate from this lawsuit.

The cases cited by Mr. Tisdale in his Response are inapposite. In <u>Providence Washington Ins. Co. v. Stanley</u>, 403 F.2d 844 (5th Cir. 1968), a corporation was the named insured on an insurance policy, and its shareholders had an insurable interest at the time of the issuance of the policy. <u>Id</u>. at 849. After the corporation dissolved, the corporate property reverted to the shareholders, whom the court deemed to have a continuing insurable interest in the property. <u>Id</u>. <u>Stanley</u> has no application here. Six years after State Auto issued the policy to Mr. Tisdale - Mr. Tisdale transferred ownership of the subject property to a third party with which State Auto had no contract. Indeed, the facts of <u>Stanley</u> are diametrically opposed to the facts of this case.

The case of <u>Aetna Fire Ins. Co. v. Kennedy</u>, 50 So. 73, 74 (Ala. 1909), also cited by Mr. Tisdale, is similarly inapposite. In <u>Kennedy</u>, the insurer was aware, at the time of the issuance of the policy, that the named insureds were sole shareholders of a corporation that owned the insured property. <u>Id</u>. at 604. After the insured property was destroyed, the court permitted the named insureds to recover based on the fact that their insurable interest was known to the insurer at the *inception* of the policy. <u>Id</u>. at 604-05. Unlike the situation in <u>Kennedy</u>, at the time the insurance policy was issued, State Auto was not aware that Westgate held any interest in the subject property. Of course, that would not have been possible, since – by Mr. Tisdale's own admission – ownership of the property was not transferred to Westgate until six years after the policy was issued to Mr. Tisdale.

Mr. Tisdale's argument that because he is a shareholder of the Westgate corporation that facts alone entitles him to collect for damages which occurred after ownership of the insured property was transferred to another legal entity is without merit. Therefore, no discovery is

necessary for this fact to be determined as a matter of law and State Auto's Motion for Judgment on The Pleadings is due to be, and should be, granted.

### III. Mr. Tisdale's Arguments Regarding A Purported "Waiver" Or "Estoppel" Are Unsupported By The Pleadings.

Mr. Tisdale's pleadings do not aver that State Auto had any knowledge of Mr. Tisdale's transfer of the subject property to Westgate at any time before Mr. Tisdale filed his Complaint in this lawsuit. Mr. Tisdale does not argue in his Response, nor point to any facts, that would support such an inference.

Rather, Mr. Tisdale cites the wholly inapposite cases of National Security Fire and Casualty Company v. Hester, 298 So. 2d 236 (Ala. 1974), and American Casualty Company v. Wright, 554 So. 2d 1015 (Ala. 1989) to support his misplaced opposition to State Auto's Motion. In Hester, the court held the insurer was estopped from asserting as a defense the fact that the insured did not own the subject property, since the insurer admitted it knew *at the time it issued the policy* that the insured did not hold full legal title to the property. Id. at 242-43. Unlike the situation in Hester, State Auto was not aware that Westgate or any party other than Mr. Tisdale held any ownership interest in the subject property at the time that the policy was issued to Mr. Tisdale. Indeed, State Auto could not possibly have had such knowledge, since it was not until six years later that Mr. Tisdale transferred ownership of the subject property to Westgate.[3]

Mr. Tisdale's opposition to State Auto's Motion for Judgment suggests that the purpose of the Motion is to avoid payment of the claim submitted by Tisdale for damage to the property during its ownership by Tisdale, but that is not its purpose. State Auto merely seeks to limit the

---

[3] In Wright, the court held that the insurer waived its right to claim forfeiture of the subject policy on the grounds of nonpayment of premium, where the insurer had accepted late payment of the premium. 554 So. 2d at 1019. Wright is facially inapplicable the instant case.

damages claimed in this case to the period Tisdale was owner of the property before he transferred his individual interest to a different legal entity. Once ownership transferred to Westgate, the contract between Tisdale and State Auto was no longer valid to insure Tisdale, individually, for damages he contends were incurred subsequent to the transfer of ownership to Westgate, Inc.

### IV.     Mr. Tisdale's Arguments Regarding Discovery Are Unavailing.

Mr. Tisdale's argument that State Auto's Motion should not be granted because the parties have not conducted discovery is unavailing, for the pleadings, without more, establish as a matter of law that State Auto's Motion should be granted.

Notwithstanding Mr. Tisdale's argument to the contrary, the granting of State Auto's Motion will substantially limit the discovery needed in this case and increase the efficiency with which this case is resolved. In any event, the burdens of discovery certainly will be substantially reduced if it is limited solely to the only period in which Mr. Tisdale could possibly prove any entitlement to damages. Neither the court nor the parties should be forced to expend time and resources litigating facially unsupportable claims.

### V.     Conclusion

For these reasons, together with those set forth in State Auto's Motion and supporting Memorandum of Law, State Auto respectfully requests this honorable Court to enter an Order granting State Auto's Motion for Judgment on The Pleadings.

                                                Respectfully submitted,

*/s/ Sue Williamson*

_____
SUE E. WILLIAMSON [WIL133]
Attorney for Defendant,
State Automobile Mutual Insurance Co.

Of Counsel:
KLASING & WILLIAMSON, P.C.
1601 Providence Park
Birmingham, Alabama 35242
(205) 980-4733 Telephone
(205) 980-4737 Facsimile
suewilliamson@bellsouth.net

## CERTIFICATE OF SERVICE

I hereby certify that State Auto's Reply to Tisdale's Opposition to State Auto's Motion for Partial Judgment on the Pleadings has been served on the following counsel of record by CM/ECF on this 26th day of September 2006:

Earl V. Johnson, Esq.
Post Office Drawer
Andalusia, Alabama 36420

Ronald L. Davis, Esq.
Paige M. Oldshue, Esq.
Rosen, Cook, Sledge, Davis, Shattuck & Oldshue, P.A.
Post Office Box 2727
Tuscaloosa, Alabama 35403

*/s/ Sue Williamson*

_____
Of Counsel