IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHN W. TISDALE, JR., an individual, § § § | |
| Plaintiff, § § | Civil Action Case No. 2:06CV458-B |
| v. § § | |
| STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, a foreign corporation, § § § § § | |
| Defendant. § § | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

COMES NOW the Plaintiff, John W. Tisdale, Jr., and pursuant to Rule 15(a) of the Federal Rules of Civil Procedure respectfully requests that this Court enter an order granting the Plaintiff leave to file a second amended complaint. A copy of the Second Amended Complaint which the Plaintiff is seeking leave to file is attached to this motion as Exhibit A. In support of this motion, the Plaintiff states the following:

I.   **S**UBSTANCE OF THE **A**MENDMENT

1.   Through the Second Amended Complaint, the Plaintiff seeks to make certain substantive amendments to the allegations of his complaint. First, the Plaintiff asks this Court for leave to add Westgate Development, Inc., as an additional plaintiff to join in the Plaintiff's claims against the Defendant, State Automobile Mutual Insurance Company. The Plaintiff seeks to amend his complaint to add Paragraph 1a, which states the following:

> 1a.   Westgate Development, Inc., is an Alabama business corporation with its principal place of business in Covington County, Alabama.

See Exhibit A, Second Amendment Complaint.

Westgate Development, Inc., was originally made a party to this action, and was dismissed as a plaintiff without prejudice by this Court's order of July 27, 2006. (Doc 14.)

    2.    In addition, Plaintiff seeks to add the substantive factual allegations contained in Paragraphs 13a, 13b, and 13c of the Second Amended Complaint. The factual allegations contained in Paragraphs 13a, 13b and 13c relate to the transfer of title to the shopping center at issue in this case from Tisdale to Westgate Development, Inc., the naming of Westgate Development, Inc., as the named insured on the policy of insurance with the Defendant and the acts of the Defendant regarding the Plaintiff's claim of loss after the transfer of title to Westgate and the naming of Westgate as the named insured under the Plaintiff's policy of insurance. Paragraphs 13a, 13b, and 13c would set forth the following:

> 13a.    On or about March 3, 2005, Plaintiff Tisdale transferred title to the shopping center to Westgate Development, Inc., an Alabama business corporation whose only shareholders are Plaintiff Tisdale and his wife. Tisdale's transfer of title to Westgate was a ministerial act done for business purposes with only nominal consideration paid or received. As set out in the following paragraph, State Auto also viewed this transfer as a ministerial transfer of title. In transferring title to the shopping center to Westgate, Tisdale intended to preserve the right to recover for damages to the property incurred after the date of transfer, either for himself or, in the alternative, for Westgate.
>
> 13b.    After Tisdale transferred title to the shopping center to Westgate, State Auto changed the named insured on the policy of insurance covering the shopping center from John W. Tisdale to Westgate Development, Inc., on information and belief, in June 2005. This change in the policy's named insured was done as a ministerial act by State Auto, and did not require any new insurance application or risk analysis because of the nature of the transfer of title. State Auto did not refund any premiums received from Tisdale for that portion of the 2005 policy year after Westgate was named as the named insured on the policy, and Westgate was not required to pay any new premiums for the period after which it became the named insured under the policy.
>
> 13c.    After State Auto changed the named insured on the policy to Westgate, on information and belief, in June 2005, and with full knowledge of the transfer of title from Tisdale to Westgate, State Auto continued to deal with Tisdale regarding adjustment of the claim for loss to the shopping center due to Hurricane Ivan, and never objected to adjusting the claim on the basis of the

transfer of title, or otherwise indicated that the transfer of title to the shopping center would in any way limit the right of either Tisdale or Westgate to recover for the loss to the shopping center.

See Exhibit A, Second Amended Complaint, ¶¶13a – 13c.

4. Finally, the Second Amended Complaint would change all references from the singular "Plaintiff" in the First Amended Complaint to the plural "Plaintiffs." The purpose of this amendment is simply to allow both Plaintiffs to join in and assert the claims against the Defendant, State Automobile Mutual Insurance Company.

5. The Plaintiff does not seek to assert any new causes of action against the Defendant in the Second Amended Complaint.

## II. STANDARD FOR AMENDMENT OF PLEADINGS

6. Amendment of pleadings is governed by Rule 15 of the Federal Rules of Civil Procedure. That rule provides in part:

> (a) **Amendments**. A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may amend it at any time within twenty days after it is served. ***Otherwise, a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.*** A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within ten days after service of the amended pleading, whichever period may be longer, unless the court otherwise orders."

Rule 15(a), Fed.R.Civ.Pro. (emphasis added)

## III. GOOD CAUSE EXISTS TO ALLOW PLAINTIFF'S AMENDMENT, AND THE AMENDMENT WILL NOT PREJUDICE THE DEFENDANT.

7. The Uniform Scheduling Order entered by this Court on September 7, 2006, provided that "[a] any motions to amend pleadings and to add parties shall be filed on or before November 21, 2006." (Doc 21 – Pg 2.) The Plaintiff acknowledges that this motion for leave to

amend comes beyond the deadline for such motions set out in the scheduling order, but asks the Court for leave to file the proposed Second Amended Complaint on the basis that good cause exists to allow the amendment, and the amendment is necessary to do substantial justice to the Plaintiff's claims. The granting of this motion will not prejudice the Defendant, nor will it in any way delay the trial of this matter.

8. Good cause exists to allow the Plaintiff's amendment because, at the time that the Plaintiff originally voluntarily dismissed Westgate as a plaintiff in this action, the Plaintiff was not aware that State Auto would attempt to use the transfer of title of the shopping center to Westgate to limit the scope of the Plaintiff's claims, and because the Plaintiff and his counsel did not become aware of the additional facts set out in the proposed Second Amended Complaint until January of 2007.

9. First, Westgate was named as a plaintiff in the original complaint filed in this action on May 22, 2006. (Doc 1.) After the complaint was filed, counsel for the Plaintiff was contacted by counsel for State Auto. In that conversation, counsel for the parties discussed the fact that the named insured on the original 2005 insurance policy was Tisdale rather than Westgate. State Auto subsequently filed a motion to dismiss Westgate's claims on the basis that Westgate was not a party to the insurance contract with State Auto. The Plaintiff filed a motion to voluntarily dismiss Westgate as a Plaintiff (Doc 13), and that motion was granted by this Court on July 27, 2006 (Doc 14). At no time did counsel for the Defendant indicate that State Auto would object to Tisdale's ability to recover policy benefits or other damages which he may be entitled to for the time after the transfer of title to Westgate.

10. After Westgate was dismissed as a plaintiff in this action, State Auto then filed a motion for partial judgment on the pleadings as to Tisdale's First Amended Complaint. In that

motion, State Auto asserted Tisdale could not, as a matter of law, recover for any damages incurred after March 3, 2005, the date of the transfer of title to Westgate. (Doc 18.) The issues raised in State Auto's motion were thoroughly briefed by both parties. (Docs 22, 23.) This motion is presently pending before this Honorable Court.

11. The Plaintiff believes that this transfer of ownership would not preclude the Plaintiff, Tisdale, from recovering damages occurring after March 3, 2005 as contended by the Defendant, however, out of an abundance of caution, the Plaintiff seeks leave to amend his complaint in order to allege additional facts to refute State Auto's arguments to limit the scope of the Plaintiff's recovery. Counsel for the Plaintiff did not learn of the additional facts which it seeks to allege in the proposed Second Amended Complaint until January 2007. The information supporting these additional facts was obtained by Tisdale from Tisdale's insurance agent, Bob O'Neal, within the past two weeks. The Plaintiff has brought this motion for leave to amend his complaint promptly after learning of this additional information.

12. As to the Plaintiff's request for leave to once again add Westgate as a party plaintiff, while counsel for the Plaintiff does not seek to imply that there was anything other than a misunderstanding between the parties' respective counsel prior to the dismissal of Westgate, counsel for the Plaintiff would not have asked that Westgate be dismissed had they been aware that State Auto would then attempt to limit Tisdale's right of recovery based on the transfer of title to the shopping center to Westgate.

13. Further, granting leave to allow Tisdale to amend his complaint to add Westgate as a plaintiff and to allege the additional facts is necessary to do substantial justice in this case. State Auto has made very clear that it will continue to pursue its attempts to limit Tisdale's right of recovery based on the transfer of title all the way through the summary judgment and trial

phases of this litigation. While the Plaintiff is confident that he will be able to fully recover in this action based on the arguments set out in response to State Auto's motion for partial judgment on the pleadings, the Plaintiff does believe that allowing Westgate to join as a plaintiff and allowing the Plaintiff to allege the additional facts set out in the proposed Second Amended Complaint is necessary to allow for all of the facts and issues related to State Auto's assertions to be fully presented and resolved as this litigation goes forward.

14.     Finally, State Auto will not be prejudiced if the Plaintiff is granted leave to file the proposed Second Amended Complaint. The Defendant has been aware of the transfer to Westgate prior to the filing of the lawsuit. Westgate was listed in the original Complaint as a Plaintiff. <u>No depositions have yet been taken by any party in this case</u>. The parties are still in the process of completing written discovery in this case, and the Plaintiff anticipates that only minor supplementation of the parties' respective discovery responses and disclosures will be necessary if the amendment is allowed, to the extent that any supplementation is necessary at all. No depositions will need to be retaken, and any issues related to the proposed Second Amended Complaint can be fully addressed by depositions to be taken going forward. Allowing the Plaintiff to file the proposed Second Amended Complaint likewise will not delay the progress or trial of this action as there is still ample time for the parties to complete discovery prior to September 17, 2007 and have this case ready for trial within the time provided by this Court's existing scheduling order. Further, the proposed Second Amended Complaint does not alter or change the fundamental issues in this case regarding the rights and liabilities of the parties for the damage caused to the shopping center by Hurricane Ivan, which was insured by the Defendant. Since the proposed Second Amended Complaint does not enlarge the discovery burdens on State Auto, will not delay the progress and trial of this case, and will not change or alter the issues

involved, State Auto will not be prejudiced by granting the Plaintiff leave to file the Second Amended Complaint.

**WHEREFORE**, the Plaintiff, John W. Tisdale, Jr., respectfully requests that this Court enter an order granting him leave to file the Second Amended Complaint adding Westgate Development, Inc., as a plaintiff in this action, and alleging additional facts in support of his claims against the Defendant, State Automobile Mutual Insurance Company.

        Respectfully submitted,

        /s/ Paige M. Oldshue
        **Paige M. Oldshue**   [CAR-108]
        **Ronald L. Davis**  [DAV-061]
        Attorneys for the Plaintiff

OF COUNSEL:

ROSEN, COOK, SLEDGE, DAVIS,
 SHATTUCK & OLDSHUE, P.A.
2117 Jack Warner Parkway (35401)
Post Office Box 2727
Tuscaloosa, AL  35403
(205) 344-5000

EARL V. JOHNSON
Attorney at Law
29 South Court Square
Post Office Drawer 1636
Andalusia, Alabama 36420
(334) 222-8443

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 2, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Sue Williamson, Esq.
KLASING & WILLIAMSON, P.C.
1601 Providence Park
Birmingham, AL 35242

                                        /s/ Paige M. Oldshue
                                        Of Counsel