Exhibit "A"

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOHN W. TISDALE, JR. an individual and WESTGATE DEVELOPMENT, INC., an Alabama Corporation, | § § § § § | |
| Plaintiff, | § § | Civil Action Case No. 2:06CV458-B |
| v. | § § | |
| STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, a foreign corporation, | § § § § | PLAINTIFF DEMANDS TRIAL BY STRUCK JURY |
| Defendant. | § § § | |

## SECOND AMENDED COMPLAINT

COME NOW the Plaintiffs, John W. Tisdale, Jr., and Westgate Development, Inc., an Alabama corporation, and state the following as their complaint against the Defendant, State Auto Insurance Company

1. John W. Tisdale, Jr., is an individual resident, over the age of 21 years, and is a resident of Andalusia, Covington County, Alabama.

1a. Westgate Development, Inc., is an Alabama business corporation with its principal place of business in Covington County, Alabama.

2. The Defendant, State Automobile Mutual Insurance Company, upon information and belief, is a foreign corporation, whose principal place of business is Columbus, Ohio.

3. In approximately 1999, the Plaintiff, John W. Tisdale, Jr., purchased a shopping center in Andalusia, Covington County, Alabama.

4. The Plaintiff, John W. Tisdale, Jr. insured this shopping center with the Defendant, State Automobile Mutual Insurance Company, since that time. Upon information and belief, the policy number of the insurance policy issued was BOP 961844104.

5. On or about the 17th day of September 2004, Hurricane Ivan struck the southern portion of the United States causing extensive property damage including damage to the building owned by John W. Tisdale, Jr. located in Andalusia, Covington County, Alabama which was insured for such damage by the Defendant, State Automobile Mutual Insurance Company.

6. On or about September 17, 2004, the insurance policy issued by the Defendant, which is the subject of this suit, was in full force and effect and the Plaintiff, John W. Tisdale, Jr. had paid all premiums which were due and owing to the Defendant at the time of this damage to his shopping center.

7. The Plaintiff, John W. Tisdale, Jr. promptly notified the Defendant, State Automobile Mutual Insurance Company, by and through the O'Neal Agency, Inc., an insurance agency located in Andalusia, Alabama, of the damage which Hurricane Ivan caused to his building and more specifically, primarily to the roof of his building.

8. At the time of this loss, the insured, John W. Tisdale, Jr., had replacement coverage insurance for damage to his building, including replacement coverage for any damage to the roof of his building.

9. The Defendant failed to adequately and timely inspect the damage caused by Hurricane Ivan to the building which was insured by the Defendant and which was owned by John W. Tisdale, Jr.

10.     The Plaintiff, John W. Tisdale, Jr., properly made a claim to his insurance carrier for damage caused by Hurricane Ivan, for temporary repairs and for a replacement of portions of the damaged roof as provided for in his insurance policy.

11.     State Automobile Mutual Insurance Company assigned the handling of this claim to their employee, Senior Claims Representative, Kevin R. Fitzsimmons.

12.     Mr. Fitzsimmons failed to adequately investigate, inspect, and/or adjust the claim for which he had been assigned responsibility by the Defendant.

13.     In the investigation of this claim of the Plaintiff, the Defendant failed to follow the findings of its own independent contractors, failed to take the advice of representatives of the O'Neal Agency, failed to follow the findings of several individuals or entities which the Plaintiff, John W. Tisdale, Jr., was forced to hire because of the failure of the Defendant to adequately investigate this claim.

13a.    On or about March 3, 2005, Plaintiff Tisdale transferred title to the shopping center to Westgate Development, Inc., an Alabama business corporation whose only shareholders are Plaintiff Tisdale and his wife. Tisdale's transfer of title to Westgate was a ministerial act done for business purposes with only nominal consideration paid or received. As set out in the following paragraph, State Auto also viewed this transfer as a ministerial transfer of title. In transferring title to the shopping center to Westgate, Tisdale intended to preserve the right to recover for damages to the property incurred after the date of transfer, either for himself or, in the alternative, for Westgate.

13b.    After Tisdale transferred title to the shopping center to Westgate, State Auto changed the named insured on the policy of insurance covering the shopping center from John W. Tisdale to Westgate Development, Inc., on information and belief, in June 2005. This

3

change in the policy's named insured was done as a ministerial act by State Auto, and did not require any new insurance application or risk analysis because of the nature of the transfer of title. State Auto did not refund any premiums received from Tisdale for that portion of the 2005 policy year after Westgate was named as the named insured on the policy, and Westgate was not required to pay any new premiums for the period after which it became the named insured under the policy.

13c.   After State Auto changed the named insured on the policy to Westgate, on information and belief, in June 2005, and with full knowledge of the transfer of title from Tisdale to Westgate, State Auto continued to deal with Tisdale regarding adjustment of the claim for loss to the shopping center due to Hurricane Ivan, and never objected to adjusting the claim on the basis of the transfer of title, or otherwise indicated that the transfer of title to the shopping center would in any way limit the right of either Tisdale or Westgate to recover for the loss to the shopping center.

14.   The Defendants have delayed the settlement of this claim almost two years.

15.   This delay has caused the Plaintiffs to incur expenses which an insured should not have been required to incur in investigating and documenting the loss which is the subject of this suit. The Plaintiffs have been forced to incur expenses to make temporary repairs to the building in order to prevent further damage to his property. The Plaintiffs have been unable to rent portions of the shopping center because of the failure of the Defendant to timely and adequately replace the damaged roof on portions of the building which is the subject of this suit. The Plaintiffs have lost rent and tenants as a result of the acts and omissions of the Defendant.

16. As an additional result of the acts, omissions and delay of the Defendant, portions of the Plaintiffs building developed mold and mildew inside part of the building. This additional damage is a direct result of the Defendant's failure and refusal to replace the damaged portions of the roof on the shopping center which is the subject of this suit.

17. The Defendant, State Automobile Mutual Insurance Company has breached its contract of insurance with the Plaintiffs.

18. The Defendant, State Automobile Mutual Insurance Company has acted in bad faith by its intentional refusal to pay the claim of its insured. The Defendant has failed to pay the claim of the Plaintiffs without any reasonable, legitimate, or arguable reason. The Defendant had actual knowledge of the absence of any legitimate or arguable reason to pay the claim of its insured at the time of its refusal to replace the roof on portions of the Plaintiffs' building.

19. In the alternative, the Defendant, State Automobile Mutual Insurance Company intentionally failed to adequately determine whether there was a legitimate or arguable reason to refuse to replace portions of the shopping center which is the subject of this suit.

20. As a proximate result of the aforesaid acts and omissions of the Defendant, the Plaintiffs have been damaged.

### COUNT ONE –
### (BREACH OF CONTRACT)

21. Plaintiffs incorporate paragraphs 1 through 20 above as if fully set out herein verbatim.

22. There was a contract between the Plaintiffs and State Automobile Mutual Insurance Company. Under this contract, the Defendant was obligated to act in accordance with the terms of the contract of insurance.

23. The Plaintiffs complied with all terms and conditions of the insurance contract which is the basis of this suit.

24. The Defendant, State Automobile Mutual Insurance Company, breached this contract of insurance by its failure to properly investigate this claim and by failing to pay the Plaintiffs to replace portions of the roof of the shopping center pursuant to this contract of insurance.

25. The breach of this contract by State Automobile Mutual Insurance Company resulted in damage to the Plaintiffs.

**WHEREFORE**, the Plaintiffs demand judgment against the Defendant, State Automobile Mutual Insurance Company, for compensatory damages in excess of the jurisdictional requirement of this Court, as well as interest and costs.

### COUNT TWO – (BAD FAITH)

26. Plaintiffs incorporate paragraphs 1 through 25 above as if fully set out herein verbatim.

27. At all times hereto, the Defendant, State Auto Mutual Insurance Company, owed to Plaintiffs the duty to act in good faith to promptly and adequately investigate the claim for damages to the building and to promptly pay the claim for damage to the shopping center as required by the insurance policy which is the subject of this suit.

28. The Defendant breached its duty of good faith and fair dealing to the Plaintiffs by various acts or omissions, including but not limited to the failure to promptly and adequately investigate the claim of the Plaintiffs to ignore the information provided to them by the Plaintiffs and by persons and entities acting on behalf of the Defendant.

29. These acts and omissions by the Defendant were done without any reasonable, legitimate or arguable reason and with the Defendant's actual knowledge of the absence of any legitimate or arguable reason.

30. In the alternative, the Defendant intentionally failed to determine the existence or not of a lawful basis to deny or diminish the payment of this claim and the insured's failure to determine whether there was a legitimate or arguable reason to refuse to pay the claim of the Plaintiffs for the replacement of portions of his roof was intentional.

31. The Defendant set forth in an intentional, obvious and contrived attempt to force the Plaintiffs to accept a minimal amount for the claim for damage to the building when in fact, the insurance policy and the laws of the State of Alabama require this Defendant to promptly and adequately investigate claims of their insured and to pay claims promptly and as required by the provisions of their insurance policies.

32. Upon information and belief, it is further alleged that this Defendant encouraged its employees to attempt to coerce their insured to accept settlements well below that which would be fair and equitable and required under the terms and conditions of their insurance policies and in fact financially rewarded their employees for such conduct.

**WHEREFORE**, Plaintiffs demand both compensatory and punitive damages against the Defendant, State Automobile Mutual Insurance Company in an amount in excess of the minimum jurisdictional limits of this Court, plus interest and costs.

Respectfully submitted,

_____
**Ronald L. Davis**  [DAV-061]
**Paige M. Oldshue**   [CAR-108]
Attorneys for the Plaintiff

OF COUNSEL:

ROSEN, COOK, SLEDGE, DAVIS,
 SHATTUCK & OLDSHUE, P.A.
2117 Jack Warner Parkway (35401)
Post Office Box 2727
Tuscaloosa, AL  35403
(205) 344-5000

EARL V. JOHNSON
Attorney at Law
29 South Court Square
Post Office Drawer 1636
Andalusia, Alabama 36420
(334) 222-8443

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 19, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Sue Williamson, Esq.
KLASING & WILLIAMSON, P.C.
1601 Providence Park
Birmingham, AL 35242

_____
Of Counsel

8