**IN THE UNITED STATES DISTRICT COURT OF**
**MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **JOHN W. TISDALE, JR. et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action Case No. 2:06 CV 458-B** |
| | ) | |
| **STATE AUTOMOBILE INSURANCE** | ) | |
| **COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT, STATE AUTOMOBILE MUTUAL INSURANCE COMPANY'S**
**OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND**
**AMENDED COMPLAINT**

State Auto opposes Plaintiff's Motion For Leave To File Second Amended Complaint based on the following grounds:

I.      The Motion is untimely because the time allocated by this Honorable Court to amend the pleadings has long expired.

II.      The Motion cites that the request to file a second amended complaint is based on new information which is really not new at all, but was readily available to both Mr. Tisdale and to Westgate prior to their filing this lawsuit.  If the policy number on the State Auto policy didn't change when the property changed ownership, both Tisdale and Westgate had full knowledge of that fact from the date that change occurred.

III.      Plaintiff wants to recover insurance proceeds for events subsequent to the loss causation event which the claim for which this lawsuit was filed is based.  Damages plaintiff claims occurred subsequent to Hurricane Ivan and from some other causation event is outside the scope of this litigation.  Tisdale claims State Auto failed to pay his claim and acted in bad faith with

regard to this specific claim. An attempt to add other parties seeking damages for subsequent events is beyond the scope of the allegations of the complaint and should not be allowed. Westgate was not made a party to the State Auto contract until well after the loss causation event occurred upon which this litigation is based.

**IV.**    First plaintiff attempted to seek insurance proceeds for damages that occurred subsequent to his transfer of ownership of the property to a different entity. When that was shown to be improper, he now attempts to nullify the transfer of ownership by saying it wasn't really a transfer of ownership at all because the new entity is still John Tisdale.

Under well-established principles of contract law, "[t]he insurance company's liability . . must be measured by the terms of its contract and not by the terms of an agreement between the insured and a third party." Nat'l Sec. Fire & Cas. Co. v. Miller, 394 So. 2d 31, 32 (Ala. Civ. App. 1980) (emphasis added). What Mr. Tisdale is seeking to do violates this fundamental principle of contract law. Mr. Tisdale asks the court to expand State Auto's obligations under the policy issued to Mr. Tisdale to include coverage of Westgate, a third party to which Mr. Tisdale subsequently sold the subject property and now wants to convince the court that he really didn't transfer ownership after all so he can collect for other damages other than those which may have resulted from the claim this case is based upon.

Westgate was not an insured party under the contract between Mr. Tisdale and State Auto when the damages alleged occurring from Hurricane Ivan occurred. If those damages continued to occur subsequent to the sale of the property, then those damages are not recoverable by the new owner, nor by the old owner who sold the property. Therefore, neither Tisdale nor Westgate can make a valid claim under the State Auto insurance contract for damages which they contend occurred subsequent to the transfer of ownership of the property.

State Auto merely seeks to limit the damages claimed in this case to the period Tisdale was owner of the property before he transferred his individual interest to a different legal entity. Once ownership transferred to Westgate, the contract between Tisdale and State Auto was no longer valid to insure Tisdale, individually, for damages he contends were incurred from Hurricane Ivan.

State Auto adopts and incorporates by reference each and every previous argument filed in this case in opposition to plaintiff's attempt to expand the claim for damages in this case to include other non parties to the contract when the loss occurred and also attempt to seek damages for occurrences outside the causation event made the basis of the initial complaint.   State Auto respectfully requests this honorable Court to deny Plaintiff's Motion For Leave To File Second Amended Complaint.

Respectfully submitted,

_____
SUE E. WILLIAMSON [WIL133]
Attorney for Defendant,
State Automobile Mutual Insurance Co.

Of Counsel:
KLASING & WILLIAMSON, P.C.
1601 Providence Park
Birmingham, Alabama 35242
(205) 980-4733 Telephone
(205) 980-4737  Facsimile
suewilliamson@bellsouth.net

<u>CERTIFICATE OF SERVICE</u>

     I hereby certify that State Auto's Opposition to Plaintiff's Motion for Leave has been served on the following counsel of record by CM/ECF on this 2nd day of March 2007:

Earl V. Johnson, Esq.
Post Office Drawer
Andalusia, Alabama 36420

Ronald L. Davis, Esq.
Paige M. Oldshue, Esq.
Rosen, Cook, Sledge, Davis, Shattuck & Oldshue, P.A.
Post Office Box 2727
Tuscaloosa, Alabama 35403

_____
Of Counsel