IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHN W. TISDALE, JR., an Individual and WESTGATE DEVELOPMENT, INC., an Alabama Corporation. <br><br> Plaintiff, <br><br> vs. <br><br> STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, a foreign corporation, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) Civil Action Case No.2:06CV458-B ) ) ) ) ) ) ) |

## DEFENDANT, STATE AUTOMOBILE MUTUAL INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

COMES NOW, Defendant, State Automobile Mutual Insurance Company ("State Auto"), by and through its undersigned counsel and answers Plaintiffs' Second Amended Complaint as follows:

1. Paragraphs #1 and #1a are admitted, upon information and belief.

2. Paragraph #2 is admitted.

3. Paragraph #3 is admitted, upon information and belief.

4. Paragraph #4 is admitted only to the extent that John Tisdale was insured until the date the property was sold.

1

5. Paragraph #5 is admitted only to the extent that on or about September 17, 2004 Hurricane Ivan struck the southern portion of the United States; all other averments of paragraph #5 are DENIED.

6. Paragraph #6 is admitted only to the extent it alleges that insurance policy BOP 961844104 was in effect on September 17, 2004. The insurance policy is a contract controlling coverage for the claim made the basis of this lawsuit and any averments of paragraph #6 made contrary to the terms of that contract are DENIED.

7. Paragraph #7 is DENIED as written. However, it is admitted Plaintiff John W. Tisdale, Jr. ("Tisdale") notified State Auto of the alleged damage to his building.

8. Paragraph #8 is DENIED as written. However, it is admitted that insurance policy BOP 961844104 provided replacement cost benefits for losses to the building that occurred during the policy period and if deemed covered pursuant to the terms and conditions of the contract.

9. Paragraph #9 is DENIED and strict proof is demanded

10. Paragraph #10 is admitted solely that Plaintiff Tisdale made a claim to State Auto for alleged damages to his property.

11. Paragraph #11 is admitted.

12. Paragraph #12 is emphatically DENIED and strict proof demanded.

13. Paragraph #13 is emphatically DENIED and strict proof demanded.

13(a) Paragraph #13a is admitted, on information and belief, only to the extent that Tisdale transferred title to Westgate Development, Inc. ("Westgate"). All remaining averments of paragraph 13a are DENIED and strict proof demanded.

13(b). Paragraph #13b is DENIED as written and strict proof demanded.

13(c) Paragraph 13c is DENIED and strict proof demanded.

14. Paragraph #14 is emphatically DENIED and strict proof demanded.

15. Paragraph #15 is emphatically DENIED and strict proof demanded.

16. Paragraph #16 is emphatically DENIED and strict proof demanded.

17. Paragraph #17 is emphatically DENIED and strict proof demanded.

18. Paragraph #18 is emphatically DENIED and strict proof demanded.

19. Paragraph #19 is emphatically DENIED and strict proof demanded.

20. Paragraph #20 is DENIED and strict proof demanded.

## COUNT ONE
## BREACH OF CONTRACT

21. In response to paragraph #21, State Auto incorporates by reference its previous answers to paragraphs 1 through 20, inclusive, as if full set out herein.

22. Paragraph #22 is admitted only to the extent that it alleges the existence of a contract, insurance policy BOP 961944104, between Tisdale and State Auto. By way of further answer, the policy is a contract and both Tisdale and State Auto are bound by its terms.

23. Paragraph #23 of Count One is DENIED and strict proof demanded.

24. Paragraph #24 of Count One is DENIED and strict proof demanded.

25. Paragraph #25 of Count One is DENIED and strict proof demanded.

## COUNT TWO
## BAD FAITH

26. In response to paragraph #26, State Auto incorporates by reference its previous answers to paragraphs 1 through 25, inclusive, as if full set out herein.

27. Paragraph #27 is DENIED. The insurance contract in effect on the date of the alleged loss governs the duties and obligations of Tisdale and State Auto. Westgate was not a party to any contract with State Auto on the date the loss the claim making the basis of this lawsuit occurred.

28. Paragraph #28 is emphatically DENIED and strict proof demanded.

29. Paragraph #29 is emphatically DENIED and strict proof demanded.

30. Paragraph #30 is emphatically DENIED and strict proof demanded.

31. Paragraph #31 is emphatically DENIED and strict proof demanded.

32. Paragraph #32 is emphatically DENIED and strict proof demanded.

## **AFFIRMATIVE DFENSES**

I. State Auto denies doing, or failing to do, any act that caused or contributed to cause any damage to Tisdale, Westgate, Tisdale's property, or Westgate's property as alleged in the Second Amended Complaint.

II. State Auto pleads the contract of insurance as a defense, denies breaching that contract with Tisdale and further avers that Tisdale breached the contract with State Auto.

III. State Auto denies having any contract of insurance with Westgate as of the date of the damage complained of in the Second Amended Complaint, and denied owing any duty whatsoever to Westgate. To the extent that Westgate claims damages pursuant to any insurance contract between it and State Auto subsequent to the loss made the basis of this complaint, State Auto denies breaching that contract with Westgate and further avers that Westgate breached the contract with State Auto.

IV. State Auto denies any negligent conduct as alleged in plaintiffs' Second Amended Complaint and no cause of action exists in Alabama for a negligent breach of contract.

5

V. State Auto contests the nature and extent of damages demanded by plaintiffs' Second Amended Complaint and demands strict proof thereof.

VI. State Auto avers the plaintiffs failed to mitigate damages, failed to protect the property from further damage as required under Alabama law and the insurance contract and therefore cannot successfully recover for the claims asserted against State Auto in the Second Amended Complaint.

VII. State Auto avers plaintiffs' claim for relief as stated in the Second Amended Complaint violates its constitutional rights as set out in each of the following provisions of the United States Constitution and the Constitution of the State of Alabama:

(a) Contracts Clause of the U.S. Constitution at Article I, Section 10;

(b) Excessive Fines Clause of the Eighth Amendment to the U.S. Constitution;

(c) Due Process Clause of the Fourteenth Amendment to the U.S. Constitution;

(d) Contracts Clause of the Constitution of Alabama, Article I, Section 2;

(e) Excess Fines Clause of the Constitution of Alabama at Article I, Section 15; and,

(f)     Due Process Clause of the Constitution of Alabama at Article I, Section 6.

VIII. State Auto avers that any award of punitive damages against it would be penal in nature and would violate its constitutional rights protected under the provisions of the United States Constitution and the Alabama Constitution unless the same procedural safeguards are provided to State Auto that are provided to a criminal defendant, including, but not limited to, the right to avoid self incrimination either by testifying and/or the production of documents and the requirement for a "beyond a reasonable doubt" burden of proof.

IX. Insufficient standards are available in Alabama to govern punitive damage awards and that insufficiency violates the due process clauses of the Fourteenth amendment to the U.S. Constitution and the Alabama Constitution at Article I, Section 6.

X. State Auto avers any punitive damages awarded against it based on the principle of joint and several liabilities would create an excessive fine against it in violation of the Eighth and Fourteenth Amendments to the Constitution of the State of Alabama requiring the state to afford all persons equal protection under the law.

XI.   The failure of the State of Alabama to make a provision only for the imposition of but one assessment of damages against a joint tortfeasor, despite differing degrees of culpability and wrongdoing, unreasonably acts to establish a classification for acts or wrongdoing that State Auto did not commit and contradicts its rights afforded by the Fourteenth Amendment to the Constitution of Alabama which requires that the state afford all persons equal protection under the law.

XII.   State Auto avers that Alabama law operates to create an arbitrary and capricious method for the jury's assessment and determination of damages by imposing joint and several liability on it for the acts of others without regard for the degree or culpability of other defendants joined in this action and further deprives State Auto of its property without due process of law in violation of Amendment Five and Amendment Fourteen to the Constitution of the United States and Article I, Section 6 of the Alabama Constitution.

XIII.   State Auto avers that Tisdale breached the insurance contract, failed to comply with policy duties after a loss, failed to cooperate during the claims process, impeded resolution of the claim and prevented the restoration project from being completed according to the contractor's proposal of the work to be done. To the extent that Westgate claims to be a

party to any applicable insurance contract with State Auto when this loss occurred, State Auto avers that Westgate breached the insurance contract, failed to comply with policy duties after a loss, failed to cooperate during the claims process, impeded resolution of the claim and prevented the restoration project from being completed according to the contractor's proposal of the work to be done.

XIV. State Auto further contends that Tisdale failed to apply claim payments made by State Auto to the repair of the roof and building near the time of loss thereby causing more extensive damage to the property by failing to make repairs or begin restoration in a timely manner.

XV. State Auto acted appropriately, lawfully, in compliance with the insurance policy contract in good faith at all times during the claim process made the basis of this lawsuit.

XVI. Plaintiffs' Complaint, as Amended, fails, in whole or in part, to state a claim upon which relief can be granted.

XVII. Plaintiffs' claims against State Auto are barred, in whole or in part, by the doctrines of accord and satisfaction, waiver, estoppel, laches, ratification, and/or unclean hands.

XVIII. Tisdale's claims are barred, in whole or in part, because Tisdale was paid for all damages to the building that occurred on the date of

loss during his ownership of the property during a valid coverage period. Westgate's claims are barred, in whole or in part, because Westgate has incurred no damages from the date of loss cited in this complaint due to having no insurable interest in the property when this loss occurred and not being a party to the insurance contract when this loss occurred.

XIX. The damages alleged in Plaintiffs' Second Amended Complaint occurred, if at all, due to the negligence or other supervening and intervening conduct of plaintiff(s), third persons or entities over whom State Auto exercised neither control nor right of control.

XX. Plaintiffs have failed to join one or more indispensable parties as defendants in this action.

XXI. State Auto contends Plaintiff(s) caused or contributed to cause the damages complained of by failing or refusing to make timely repairs to the roof when insurance proceeds were paid for repairs.

XXII. State Auto reserves the right to supplement this Answer to Plaintiffs' Second Amended Complaint to plead any additional defenses, including affirmative defenses, which become known to us that are applicable at any time including during discovery and at trial.

                Respectfully submitted,

                */s/ Sue Williamson*

                SUE E. WILLIAMSON [WIL133]
                Attorney for Defendant,
                State Automobile Mutual Insurance Co.

<u>Of Counsel:</u>
KLASING & WILLIAMSON, P.C.
1601 Providence Park
Birmingham, Alabama 35242
(205) 980-4733 Telephone
suewilliamson@bellsouth.net

CERTIFICATE OF SERVICE

    I hereby certify **State Auto's** Answer to Plaintiffs' Second Amended Complaint was electronically filed with the Clerk of the United States District Court using the CM/ECF system which will send notification to the following counsel of record:

Earl V. Johnson, Esq.
Post Office Drawer
Andalusia, Alabama 36420

Ronald L. Davis, Esq.
Paige M. Oldshue, Esq.
Rosen, Cook, Sledge, Davis, Shattuck & Oldshue, P.A.
Post Office Box 2727
Tuscaloosa, Alabama 35403

                /s/Sue Williamson

                Of Counsel