IN THE UNITED STATES DISTRICT COURT OF
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHN W. TISDALE, JR. an individual, | ) ) ) |
| Plaintiff, | ) ) Civil Action Case No. 2:06 CV 458-B ) |
| v. | ) ) ) |
| STATE AUTO MUTUAL INSURANCE COMPANY, A foreign corporation, | ) ) ) ) |
| Defendant. | ) ) |

**STATE AUTO MUTUAL INSURANCE COMPANY'S RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS**

COMES NOW, Defendant, State Auto Mutual Insurance Company ["State Auto"] in response to Plaintiff's Request for Production of Documents states its objections and responses as follows:

1. Produced in State Auto's Initial Disclosures #001-086.

2. Produced in State Auto's Initial Disclosures #005-009, 095-099,115-119,128-131,135-138,140-143.

3. Produced in State Auto's Initial Disclosures #001-086.

4. Produced in State Auto's Initial Disclosures.

5. None at this time.

6. Produced as part of State Auto's Initial Disclosures.

7. Produced as part of State Auto's Initial Disclosures.

8. Produced as part of State Auto's Initial Disclosures.

9. Produced as part of State Auto's Initial Disclosures.

10. State Auto objects to this Request as premature since discovery in this case has just begun; however, without waiving this objection, State Auto has produced the documents presently responsive to this request in its Initial Disclosures; however, reserves the right to utilize any and all documents or evidentiary materials obtained

through attorney's work product, subpoenas and deposition testimony at the trial of this case.

    11.    Produced as part of State Auto's Initial Disclosures.

    12.    Produced as part of State Auto's Initial Disclosures.

    13.    State Auto objects to this Request as irrelevant, immaterial and not designed to lead to the discovery of any admissible evidence. However, without waiving this objection, invoices from third party vendors are included in the Initial Disclosures.

    14.    Produced as part of State Auto's Initial Disclosures.

    15.    Produced as part of State Auto's Initial Disclosures.

    16.    State Auto objects to Request #16 as irrelevant, immaterial and not designed to lead to evidence admissible at trial of this case. Further objection is based on State Auto's responsibility to protect the personal information of its policyholders and employees from disclosure to unauthorized persons.

    17.    State Auto objects to this request as overbroad as it seeks "any" documents reflecting evaluations of Mr. Fitzsimmons' claim handling ability and it is ambiguous in the use of the term "evaluations". Further, the requests seeks confidential information regarding a State Auto employee, proprietary (trade secret) information and possibly information related to other policyholder claims unrelated to plaintiffs' claim; thus not discoverable or related to any legal issues in this case.

    18.    State Auto objects to Request #18 as vague, ambiguous, unduly burdensome and overly broad. This request is overbroad and unduly burdensome in that it seeks "any and all" documents relating to certain abilities of Mr. Fitzsimmons, and it seeks information that my precede or post-date the handling of plaintiffs' claim and is in no way related to the legal issues of this case. Further, this request is vague and ambiguous in that it seeks "any and all" documents and in the use of the undefined term "abilities to minimize or reduce the amount of monies paid in claims". This request, as written, may seek information subject to a confidentiality agreement, copyright protection, trademark protection or information that my otherwise constitute proprietary (trade secret) information. Moreover, this request may seek information that relates to other claims unrelated to plaintiffs' claim or information utilized in jurisdictions other than Alabama which are subjected to other laws, policies, claim handling.

19. State Auto objects to Request #19 as vague, ambiguous, unduly burdensome and overly broad. This request is overbroad and unduly burdensome in that it seeks "any and all" documents relating to certain abilities of Mr. Fitzsimmons, and it seeks information that my precede or post-date the handling of plaintiffs' claim and is in no way related to the legal issues of this case. Further, this request is vague and ambiguous in that it seeks "any and all" documents and in the use of the undefined term "abilities to minimize or reduce the amount of monies paid in claims". This request, as written, may seek information subject to a confidentiality agreement, copyright protection, trademark protection or information that my otherwise constitute proprietary (trade secret) information. Moreover, this request may seek information that relates to other claims unrelated to plaintiffs' claim or information utilized in jurisdictions other than Alabama which are subjected to other laws, policies, claim handling.

20. State Auto objects to Request #20 as vague, ambiguous, unduly burdensome and overly broad. This request is overbroad and unduly burdensome in that it seeks "any and all" documents relating to certain abilities of Mr. Fitzsimmons, and it seeks information that my precede or post-date the handling of plaintiffs' claim and is in no way related to the legal issues of this case. Further, this request is vague and ambiguous in that it seeks "any and all" documents and in the use of the undefined term "abilities to minimize or reduce the amount of monies paid in claims". This request, as written, may seek information subject to a confidentiality agreement, copyright protection, trademark protection or information that my otherwise constitute proprietary (trade secret) information. Moreover, this request may seek information that relates to other claims unrelated to plaintiffs' claim or information utilized in jurisdictions other than Alabama which are subjected to other laws, policies, claim handling.

21. State Auto objects to Request #21 as overly broad, not limited in geographical area or subject matter, irrelevant, immaterial and not designed to lead to the discovery of admissible evidence. Further objection to Request #21 is due to the equal availability of this information to plaintiffs via internet resource at alacourt.com which lists all cases filed in Alabama.

Respectfully submitted,

*Sue Williamson*
SUE E. WILLIAMSON [WIL133]
Attorney for Defendant,
State Auto Mutual Insurance Company

Of Counsel:
KLASING & WILLIAMSON, P.C.
1601 Providence Park
Birmingham, Alabama 35242
(205) 980-4733 Telephone
(205) 980-4737 Facsimile
suewilliamson@bellsouth.net

## CERTIFICATE OF SERVICE

I hereby certify **State Auto's Objections and Responses to Plaintiff's Request for Production of Documents** has been served on the following counsel of record by placing a true copy in the U.S. Mail, properly addressed with sufficient postage affixed on this 16th day of July 2007:

Earl V. Johnson [JOH-056]
Attorney At Law
Post Office Drawer 1636
Andalusia, AL 36420

Ronald L. Davis [DAV-061]
Rosen, Cook, Sledge, Davis,
Shattuck & Oldshue, P.A.
P.O. Box 2727
Tuscaloosa, AL 35403

*Sue Williamson*
OF COUNSEL